April CHRISTENSEN, Respondent,

v.

AMERICAN FOOD & VENDING
SERVICES, INC.,
Respondent

and

Division of Employment
Security, Appellant.

No. ED 86906.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 16, 2006.

Marilyn Gail Green, Labor and Industrial Relations Commission, Jefferson City, MO, for appellant.

April Christensen, House Springs, MO, respondent acting pro se.

American Food & Vending Serv. of Mo., Syracuse, NY, respondent acting pro se.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Division of Employment Security ("the Division"), appeals the decision of the Labor and Industrial Relations Commission ("the Commission") finding that Respondent, April Christensen ("Claimant"), is not disqualified from gaining unemployment benefits. The Commission found that Claimant was not discharged by Respondent, American Food & Vending Services, Inc. ("Employer"), for misconduct connected with work. We affirm in part and reverse and remand in part.

Claimant began working for Employer in April of 2004. Claimant worked for Employer as a food service employee at the Chrysler Plant in Fenton, Missouri. On or about January 19, 2005, upon the request of Employer, Claimant took a drug test. Claimant was discharged on January 24, 2005, because the results of her drug test revealed that she tested positive for marijuana. Employer has a policy of zero tolerance for illegal drug use. Claimant has admitted that she smoked marijuana on December 31, 2004.

Claimant filed a claim for unemployment benefits. On March 7, 2005, a deputy with the Division determined that Claimant is disqualified from gaining unemployment benefits because Claimant was discharged for misconduct connected with work. On June 7, 2005, the Appeals Tribunal issued a decision reversing the deputy's determination.

On August 23, 2005, the Commission affirmed the decision of the Appeals Tribu-

nal finding that Claimant was not discharged for misconduct connected with work, and thus is not disqualified from gaining unemployment benefits. The Commission found that Employer failed to prove Claimant was discharged for misconduct connected with work under section 288.045, RSMo Supp.2004,[1] because not all of the alcohol and drug testing requirements of that section were satisfied by Employer. The Commission also found that Employer failed to prove Claimant was discharged for misconduct connected with work under section 288.050.2 because Employer presented no evidence that Claimant's use of marijuana affected her ability to perform her work duties. This appeal by the Division followed.

■ This case is governed by Chapter 288, the Missouri Employment Security Law. *See* section 288.010. We will uphold the award of the Commission if there is sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo.banc 2003). An award is not supported by competent and substantial evidence if it is contrary to the overwhelming weight of the evidence. *Id.* at 223.

■ We are not bound by the Commission's conclusions of law, including statutory interpretation. *Madewell v. Division of Employment Sec.*, 72 S.W.3d 159, 162 (Mo.App. W.D.2002). It is the duty of the courts to interpret and ascertain the legislative intent of the Missouri Employment Security Law. *Id.*

■ In its first point on appeal, the Division asserts that the Commission erred in finding that Claimant is not disqualified from gaining unemployment benefits pursuant to section 288.045, because the requirements of section 288.045.4 were met in that Employer's policy does not

have to state verbatim the language set forth in section 288.045.4.

> If a claimant is at work with a detectible amount of alcohol or a controlled substance ... in the claimant's system, in violation of the employer's alcohol and controlled substance workplace policy, the claimant shall have committed misconduct connected with the claimant's work. Section 288.045.1.

"For [section 288.045] to be applicable ... [t]he policy must state that a positive test result shall be deemed misconduct and may result in suspension or termination of employment." Section 288.045.4.

The primary rule of statutory construction is to determine the legislature's intent from the statute's language. *Tuft v. City of St. Louis*, 936 S.W.2d 113, 118 (Mo.App. E.D.1996). We will give effect to the legislative intent if possible, and consider the words in their plain and ordinary meaning. *Id.* When the language of the statute is unambiguous, we are afforded no room for construction. *Id.* at 118–19. We presume that the legislature intended that every word and provision of a statute have effect. *Landman v. Ice Cream Specialties, Inc.*, 107 S.W.3d 240, 252 (Mo.banc 2003). Generally, use of the word "shall" in a statute will be interpreted as mandatory. *Rundquist v. Director of Revenue*, 62 S.W.3d 643, 646 (Mo.App. E.D.2001).

Employer's handbook states: "Any employee who tests positive for illegal drugs at any time will be terminated." In its decision, the Commission found that Employer's drug policy did not comply with the requirements of section 288.045.4 because it failed to state that "a positive test result would be deemed misconduct." The Division argues that the Commission misapplied section 288.045.4 in arriving at the

---

1. All statutory references are to RSMo Supp. 2004, unless otherwise indicated.

conclusion that Employer's drug policy must include the word "misconduct" in order to meet the requirements of section 288.045.4.

Section 288.045.4 states in pertinent part that: "[t]he policy *must* state that a positive test result *shall* be deemed misconduct...." Section 288.045.4 (emphasis added). Applying the rules of statutory interpretation leads this court to the conclusion that the legislature, in including the words "must" and "shall" within section 288.045.4, intended that use of the word "misconduct" in an employer's alcohol and drug policy be mandatory. Use of the word "misconduct" in an employer's alcohol and drug policy provides an employee with notice that a violation of the policy may not only result in suspension or termination, but could also result in a subsequent loss of the employee's eligibility to receive unemployment benefits pursuant to Chapter 288. Thus, through application of the plain and ordinary meaning of the language in section 288.045.4, we hold that an employer's alcohol and drug policy must include the word "misconduct" in order for the requirements of that subsection to be met.

Therefore, because Employer's drug policy did not satisfy the requirements of section 288.045.4, the Commission did not err in finding that Claimant is not disqualified from gaining unemployment benefits pursuant to section 288.045. Point denied.

In its second point on appeal, the Division argues that the Commission erred in finding that Claimant is not disqualified from gaining unemployment benefits, because the requirements of section 288.045.5 were met in that Employer, before asking Claimant to take a drug test, had sufficient cause to suspect drug use by Claimant.

We need not address this argument because, as indicated above, a finding of misconduct connected with work under section 288.045 cannot be made as a result of Employer's failure to comply with section 288.045.4.

 In its third point on appeal, the Division contends that the Commission erred in finding that Claimant is not disqualified from gaining unemployment benefits, because, even if the requirements of section 288.045 were not met, Claimant was still guilty of misconduct connected with work under section 288.050.2.

Pursuant to section 288.050.2, "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits...." Section 288.050.2. According to section 288.030.1(24), "misconduct" is "an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee...." Section 288.030.1(24).

The Division argues that Claimant is guilty of misconduct connected with work under section 288.050.2 in that her behavior falls within the definition of "misconduct" because she deliberately violated Employer's alcohol and drug policy. The Commission did not address this contention, but instead applied the holding in *Baldor Elec. Co. v. Reasoner*, 66 S.W.3d 130 (Mo.App. E.D.2001) and found that Claimant did not commit misconduct connected with work under section 288.050.2 because Employer failed to prove that Claimant's work performance was impaired due to her off-work drug use.

We held in *Baldor* that, in applying section 288.050.2, an employer has the burden of proving that a claimant's off-work drug or alcohol use had a demonstrable impact on his work performance. *Id.* at 134. Under *Baldor*, the relevant inquiry is whether

Claimant's off-duty conduct affected her ability to fulfill her on-the-job responsibilities. *Id.*

The question we will address under this point on appeal is whether it was appropriate for the Commission to apply *Baldor* to this case.

Section 288.045.13(1) now states that "[i]n applying provisions of this *chapter,* it is the intent of the legislature to reject and abrogate previous case law interpretations of 'misconduct connected with work' requiring a finding of evidence of impairment of work performance, including, but not limited to, the holdings contained in *Baldor....*" Section 288.045.13(1) (emphasis added). Section 288.045.11 states: "[section 288.045] shall have no effect on employers who do not avail themselves of the requirements and regulations for alcohol and controlled drug testing determinations that are required to affirm misconduct connected with work findings." Section 288.045.11.

The primary rule of statutory construction is to determine the legislature's intent from the statute's language. *Tuft,* 936 S.W.2d at 118. We will give effect to the legislative intent if possible, and consider the words in their plain and ordinary meaning. *Id.* When the language of the statute is unambiguous, we are afforded no room for construction. *Id.* at 118–19.

We presume that the legislature intended that every word and provision of a statute have effect. *Landman,* 107 S.W.3d at 252. When different terms are used in different subsections of a statute, we presume the legislature intended the terms to have different meaning and effect. *Id.* at 251–52. "Provisions of the entire legislative act must be construed together and, if reasonably possible, all provisions must be harmonized." *Kincade v. Treasurer of State of Missouri,* 92 S.W.3d 310, 311 (Mo. App. E.D.2002).

Citing the language of section 288.045.11, the Commission reasoned that Employer can only avail itself of the benefits of the language in section 288.045.13(1) abrogating the *Baldor* holding, if all the requirements of section 288.045 are met by Employer. Thus, because Employer did not meet all the requirements of section 288.045, the Commission did not apply section 288.045.13(1) to its misconduct connected with work analysis under section 288.050.2.

The Division retorts that section 288.045.13(1) indicates that its language applies to the entire "chapter," which would include section 288.050.2, rather than any particular "section." Indeed, the legislature uses the word "section" instead of "chapter" several times within other subsections of 288.045. We presume the legislature intended for these two words to have different meaning and effect.

Furthermore, after reviewing section 288.045 as whole, it is clear that section 288.045.11 merely reaffirms that all of the requirements within the various subsections of 288.045 must be satisfied in order to find a claimant committed misconduct connected with work pursuant to section 288.045. Accordingly, section 288.045.11 does not stand for the proposition that the language of section 288.045.13(1) only applies to other sections of chapter 288 if all the requirements within section 288.045 are met. A contrary interpretation would create an antinomy between section 288.045.11 and section 288.045.13(1). Thus, in applying the plain and ordinary meaning of the words in section 288.045.13(1), we find the legislature intended for section 288.045.13(1) to apply to the entire "chapter" of 288.

Therefore, because section 288.045.13(1) applies to misconduct connected with work analysis under section 288.050.2, the Commission erred in finding that Employer

had to prove that Claimant's off-duty drug use impaired her work performance. Upon remand, there needs to be a determination concerning whether Claimant committed misconduct connected with work pursuant to section 288.050.2 in light of our holding.

In its fourth point on appeal, the Division maintains the Commission erred in finding that Claimant is not disqualified from gaining unemployment benefits pursuant to section 288.050.2, because even if *Baldor* applies, Claimant's testing of positive for marijuana at 500 ng/ml is proof of impairment of her work performance.

Because of our finding that the *Baldor* holding does not apply to misconduct connected with work analysis under section 288.050.2, we need not address this point on appeal.

Based upon the foregoing, we affirm in part and reverse and remand in part for further proceedings consistent with this opinion.

GEORGE W. DRAPER III and KENNETH M. ROMINES, JJ., concur.