**DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**Darin COMER, Claimant–Respondent,**

and

**The Employer Advantage, LLC for Lube n' Oil, Inc., Employer–Respondent.**

No. 27238.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 1, 2006.

Ninion S. Riley and Cynthia Quetsch, Jefferson City, for Appellant.

No Appearance for Respondent.

PHILLIP R. GARRISON, Judge.

The Division of Employment Security ("Division") appeals the decision of the Labor and Industrial Relations Commission ("Commission") finding that Darin Comer ("Claimant") was not disqualified from receiving unemployment compensation. The dispositive issue is whether Claimant is disqualified from benefits because he was discharged by The Employer Advantage, LLC ("Employer") for misconduct connected with work. We affirm in part and reverse and remand in part.

Claimant worked for Employer in its customer service department for approximately two and a half years. On April 6, 2005, a co-worker assaulted Claimant at

work. After the altercation, the co-worker informed Claimant's supervisor that he and Claimant had smoked marijuana together two weeks prior. Claimant was sent to the hospital to receive treatment for injuries sustained in the altercation. Pursuant to company policy, Employer had Claimant submit to a drug test while he was at the hospital.[1] On April 15, 2005, Employer received notice that Claimant had tested positive for marijuana. Claimant was discharged that day for violating Employer's drug-free workplace policy.[2] Claimant then filed a claim for unemployment compensation with the Division that was contested by Employer on the basis that the termination was based on Claimant's willful misconduct. A deputy with the Division found that Claimant was disqualified from receiving unemployment compensation because he was discharged for misconduct connected with work. Claimant appealed the deputy's decision to the Division's Appeals Tribunal ("Tribunal"), which reversed the deputy's determination after holding a hearing. Employer then appealed the Tribunal's decision to the Commission.

On August 23, 2005, the Commission affirmed the decision of the Tribunal, concluding that Claimant was not disqualified from receiving unemployment compensation by virtue of his discharge from work. The Commission found that Employer did not satisfy the requirements of Section 288.045 by not including mandatory language in its notices to employees and therefore Employer was not entitled to rely on that statute in contesting Claimant's eligibility for unemployment compensation. The Commission also found that Employer failed to prove that Claimant was discharged for misconduct connected with work pursuant to Section 288.050.2, because Employer failed to prove that Claimant's marijuana use impaired his ability to fulfill his on-the-job responsibilities. This appeal followed.

█ Initially, we observe that Claimant has not filed a brief with this court. "While this does not violate any rules or statutes, it is an imposition on the court that leaves us without the benefit of Claimant's research and insight." *Missouri Forge, Inc. v. Turner*, 118 S.W.3d 313, 315 (Mo.App. S.D.2003). While we are required to decide the case regardless of whether Claimant filed a brief, we are not to become an advocate for Claimant. *Id.* at 315–16.

Our review of the Commission's decision in this case is governed by Section 288.210,[3] which provides that a court may reverse, modify, set aside, or remand a decision by the Commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

---

1. The employee handbook provided to Claimant states that, "[a] drug screen test will be performed if you have an on-the-job injury or illness." Employer also asserts that it had reasonable suspicion to test Claimant for the presence of marijuana in his system because of the comments made by Claimant's co-worker.

2. Claimant's employment agreement and employee handbook both provide that a positive post-accident drug screen may result in termination.

3. All references to Section 288.210 are to RSMo (2000). Any further statutory references are to RSMo Cum. Supp (2005).

§ 288.210. "The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." § 288.210. "An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003).

"[W]e are not bound by the Commission's conclusions of law or its application of the law to the facts. Whether an employee's actions constitute misconduct related to ... work is a question of law." *Scrivener Oil Co., Inc. v. Division of Employment Sec.,* 184 S.W.3d 635, 638 (Mo. App. S.D.2006) (citations omitted). Additionally, "[w]here a dispute involves 'the construction and application of the statute to virtually uncontroverted facts, the issue is one of law' and is reviewed *de novo.*" *SkillPath Seminars v. Summers,* 168 S.W.3d 465, 467 (Mo.App. W.D.2005) (quoting *Div. of Employment Sec. v. Taney Cty. Dist. R–III,* 922 S.W.2d 391, 393 (Mo. banc 1996)).

The Division brings three points in this appeal. In its first point, the Division alleges the Commission erred in finding that Section 288.045 was inapplicable, because, contrary to the Division's conclusion, Employer had satisfied the notice requirements of that statute. Section 288.045.1 provides:

If a claimant is at work with a detectible amount of alcohol or a controlled substance as defined in section 195.010, RSMo, in the claimant's system, in violation of the employer's alcohol and controlled substance workplace policy, the claimant shall have committed misconduct connected with the claimant's work.

Furthermore, "any claimant found to be in violation of [Section 288.045] shall be subject to the cancellation of all or part of the claimant[']s wage credits[.]" § 288.045.6. However, "[f]or [Section 288.045] to be applicable ... [Employer's] policy must state that a positive test result shall be deemed misconduct and may result in suspension or termination of employee." § 288.045.4.[4]

In its decision, the Commission concluded that "[E]mployer did not satisfy the requirements of Section 288.045. Employer had the burden to prove and failed to prove that its policy informed [C]laimant and other employees that a positive test result would be deemed misconduct." In its brief, the Division complains that "[t]he Commission requires that an employer's policy must use the exact words contained in the statute, 'a positive test result shall be deemed misconduct and may result in suspension or termination of employment.' " The Division then argues that "[t]he legislature did not intend for the exact phrase ... to be contained in an employer's policy." We disagree.

The issue presented in this point on appeal requires this court to interpret the language of Section 288.045.4. Our primary role, when interpreting a statute, is to determine the intent of the legislature and, whenever possible, give effect to that intent. *Keling v. Keling,* 155 S.W.3d 830, 833 (Mo.App. E.D.2005). "In ascertaining legislative intent, the words present in the statute are to be considered in their plain and ordinary meaning." *Id.* Where the

---

4. Section 288.045.11 also provides that "[Section 288.045] shall have no effect on employers who do not avail themselves of the requirements and regulations for alcohol and controlled drug testing determinations that are required to affirm misconduct connected with work findings."

language of a statute is clear and unambiguous, we will give effect to the language as written, and we will not resort to statutory construction. *Id.*

Employer's "Drug–Free Workplace Policy" ("policy"), which was posted in the employee break room, provides: "It is a violation of our policy for anyone to report to work under the influence of illegal drugs or alcohol—that is with illegal drugs or alcohol in his/her body." The policy further warns that "[v]iolation of this policy are [sic] subject to disciplinary action ranging from a letter of reprimand to suspension from work without pay, up to and including dismissal." The employee handbook provided to Claimant states that "[a] positive drug screen test may also result in disciplinary action up to and including termination." An "Employment Agreement" signed by Claimant states that "a drug screen may be required if you have an on-the-job injury or illness. A positive post-accident drug screen or refusal to submit to a post-accident drug screen many [sic] result in disciplinary action, up to and including termination."

Paraphrased, Sections 288.045.1 and .6 provide that having a detectable amount of alcohol or controlled substance in the employee's body amounts to misconduct for the purposes of unemployment compensation, but Section 288.045.4 qualifies that by providing that in order for that to apply "[t]he policy *must* state that a positive test result *shall* be deemed misconduct ...." (emphasis added). Section 288.045.4 has previously been interpreted by the eastern district of this court. *See Christensen v. American Food & Vending Services, Inc.,* 191 S.W.3d 88 (Mo.App. E.D.2006). In

*Christensen,* the eastern district held as follows:

> Applying the rules of statutory interpretation leads this court to the conclusion that the legislature, in including the words "must" and "shall" within section 288.045.4, intended that use of the word "misconduct" in an employer's alcohol and drug policy be mandatory. Use of the word "misconduct" in an employer's alcohol and drug policy provides an employee with notice that a violation of the policy may not only result in suspension or termination, but could also result in a subsequent loss of the employee's eligibility to receive unemployment benefits pursuant to Chapter 288. Thus, through application of the plain and ordinary meaning of the language in section 288.045.4, we hold that an employer's alcohol and drug policy must include the word "misconduct" in order for the requirements of that subsection to be met.

191 S.W.3d at 91.

In this case, the employee handbook, Employment Agreement, and Employer's alcohol and drug policy, all provide that a positive drug screen test is a violation of company policy and may result in termination. However, those materials do not state that "a positive test result shall be deemed misconduct." Therefore, pursuant to *Christensen,* Employer has not satisfied the requirements of Section 288.045.4.[5] The Commission did not err in finding that Claimant is not disqualified from gaining unemployment compensation pursuant to Section 288.045. The Division's first point

---

**5.** We also note that "when a statute provides what results shall follow a failure to comply with its terms, it is mandatory and must be obeyed." *Rundquist v. Director of Revenue, State of Mo.,* 62 S.W.3d 643, 646 (Mo.App. E.D.2001). Section 288.045.4 instructs an employer that its alcohol and drug policy must state that "a positive test result shall be deemed misconduct." That section also provides that failure to comply with its terms renders the section inapplicable.

is denied. This portion of the Commission's determination is affirmed.

█ The Division argues in its second point, quite apart from Section 288.045, Claimant was discharged for misconduct connected with his work pursuant to Section 288.050.2, because he knowingly violated Employer's drug policy. In denying the Division's first point we determined that Section 288.045 has no application in this case, because Employer failed to satisfy that section's notice provision. Under Section 288.050.2, however, a claimant may still be disqualified from receiving unemployment compensation "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work." In its decision, the Commission recognized the distinction between the two provisions:

> If the employer fails to satisfy all the requirements of section 288.045, the second step, then, is to analyze the facts under the more general misconduct statute, section 288.050.2.
>
> It is error to believe that the new statute is in some way the exclusive statute for use in such cases. The legislature added no provision in either section 288.045 or section 288.050.2 to indicate that .045's provisions constitute an exclusive analysis for drug or alcohol policy violations. Clearly, since section 288.050.2 applied to these fact scenarios prior to the enactment of section 288.045, and since section 288.045 says it has *no effect* on employers that do not avail themselves of its special provisions, the more general provisions of section 288.050.2 still apply to situations like the one before us.

(emphasis in original).

█ Section 288.050.2 states that "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits[.]" "[M]isconduct" is defined by statute as:

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer[.]

§ 288.030.1(24). "In general, the claimant bears the burden of demonstrating entitlement to unemployment benefits. However, when the employer contends that the claimant was discharged for 'misconduct,' the burden shifts to the employer to prove 'misconduct' connected with the claimant's work." *Akers v. Barnes–Jewish Hosp.*, 164 S.W.3d 136, 138 (Mo.App. E.D.2005) (citations omitted).

The Division argues that Claimant was discharged for misconduct connected with work, in that he knowingly violated Employer's drug policy. The Commission concluded that "[Claimant] should not be disqualified from the receipt of benefits under section 288.050.2[,]" because "[Employer] presented no evidence that [Claimant's] alleged use of marijuana two weeks before the test had affected his ability to perform his work duties."

In reaching its conclusion the Commission relied on *Baldor Elec. Co. v. Reasoner*, 66 S.W.3d 130 (Mo.App. E.D.2001). The court in *Baldor* held that "to meet its burden of proving misconduct connected with work, Employer had to produce evidence that, in addition to violation of the Policy, Claimant's off-duty exposure to marijuana had some demonstrable impact

on her ability to fulfill her on-the-job responsibilities." 66 S.W.3d at 134. The dispositive question presented by this point on appeal is whether the Commission erred in applying *Baldor* to its analysis under Section 288.050.2.

Section 288.045.13(1) provides that "[i]n applying provisions of this *chapter*, it is the intent of the legislature to reject and abrogate previous case law interpretations of 'misconduct connected with work' requiring a finding of evidence of impairment of work performance, including, but not limited to, the holdings contained in *Baldor* ...." (emphasis added). Section 288.045.13(2) further provides that "[i]n determining whether or not misconduct connected with work has occurred, neither the state, any agency of the state, nor any court of the state of Missouri shall require a finding of evidence of impairment of work performance." Section 288.045.11 states that "[Section 288.045] shall have no effect on employers who do not avail themselves of the requirements and regulations for alcohol and controlled drug testing determinations that are required to affirm misconduct connected with work findings."

The Commission concluded that an employer must comply with each and every requirement of Section 288.045, in order for Section 288.045.13 to have effect. We disagree.

This point again presents us with a question of statutory interpretation. We reiterate that our primary role, when interpreting a statute, is to determine the intent of the legislature and, whenever possible, give effect to that intent. *Keling,* 155 S.W.3d at 833. "In ascertaining legislative intent, the words present in the statute are to be considered in their plain and ordinary meaning." *Id.* Where the language of a statute is clear and unambiguous, we will give effect to the language as

written, and we will not resort to statutory construction. *Id.*

In interpreting Sections 288.045.13 and 288.045.11, we are again guided by *Christensen.* In its interpretation of the aforementioned provisions, the court in *Christensen* noted that, "the legislature uses the word 'section' instead of 'chapter' several times within other subsections of 288.045. We presume the legislature intended for these two words to have different meaning and effect." 191 S.W.3d at 92. The court then related the following:

[A]fter reviewing section 288.045 as [sic] whole, it is clear that section 288.045.11 merely reaffirms that all of the requirements within the various subsections of 288.045 must be satisfied in order to find a claimant committed misconduct connected with work pursuant to section 288.045. Accordingly, section 288.045.11 does not stand for the proposition that the language of section 288.045.13(1) only applies to other sections of chapter 288 if all the requirements within section 288.045 are met.... Thus, in applying the plain and ordinary meaning of the words in section 288.045.13(1), we find the legislature intended for section 288.045.13(1) to apply to the entire "chapter" of 288.

*Id.*

Section 288.045.13(1), which abrogates case law "requiring a finding of evidence of impairment of work performance," applies to chapter 288 in its entirety, including Section 288.050.2. Therefore, the Commission erred, in that its decision improperly imposes upon Employer the burden of proving that the presence of detectable amounts of a controlled substance in Claimant's system affected his ability to fulfill his on-the-job responsibilities. The Division's second point is sustained. This portion of the Commission's determination is reversed and remanded. Upon remand,

the Commission is to determine whether Claimant committed misconduct connected with work pursuant to Section 288.050.2 in light of our holding. *See Christensen,* 191 S.W.3d at 93.

In its third point, the Division argues that even if *Baldor* applies, Claimant is deemed to be impaired because he tested positive for marijuana at a level of 222 ng/ml. Because we hold that Employer is not required to prove that Claimant's use of marijuana impaired his work performance, we need not reach the merits of this point on appeal.

The Commission's award is affirmed in part and reversed and remanded in part for further proceedings not inconsistent with this opinion.

SHRUM, P.J., and BARNEY, J., concur.