**SSM HEALTH CARE ST. LOUIS, d/b/a St. Joseph Health Center, Relator,**

v.

**Honorable Nancy SCHNEIDER, Division 2, Circuit Court of St. Charles County, Missouri, Respondent.**

No. ED 89778.

Missouri Court of Appeals,
Eastern District,
Writ Division Three.

July 17, 2007.

Michael E. Bishop, St. Louis, MO, for appellant.

Rodney M. Sharp, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

SSM Health Care St. Louis d/b/a St. Joseph Health Center ("Relator") filed a petition for a writ of mandamus, seeking to compel the Honorable Nancy Schneider, Judge of the Eleventh Judicial Circuit Court of Missouri ("Respondent"), to dismiss without prejudice a medical malpractice suit filed by Michael Bishop ("Plaintiff") for his failure to timely file a health care affidavit as required by section 538.225 RSMo Cum.Supp.2005.[1] The preliminary order in mandamus is made absolute.

Plaintiff filed a medical malpractice action naming Relator as a defendant on January 19, 2006. Plaintiff failed to file a health care affidavit within ninety days of filing his petition as mandated by section 538.225.5. Section 538.225.5 permits the trial court to allow a plaintiff additional time to file such an affidavit, "for good cause shown," not to exceed an additional ninety days. However, Plaintiff did not file a health care affidavit within 180 days of filing the petition, nor did he file a motion with the trial court alleging good cause for additional time to file the affidavit.

Relator filed a motion to dismiss for failure to comply with the statute on November 13, 2006. Plaintiff, without seeking leave of the trial court, filed an affidavit on December 21, 2006, attaching a letter from Dr. Edward Hendershot. Dr. Hendershot's letter did not state that Relator "failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed" in Plaintiff's petition, as required by section 538.225.1. Rather, it stated that while Plaintiff was under his care from 1995 to 2002, he demonstrated no clinical signs of staphlycoccal infections and was not known to have drug-resistant staphylococcus aureus.

Relator filed an amended motion to dismiss after receiving a copy of Plaintiff's affidavit. Plaintiff filed no response to this motion. The trial court denied the motion to dismiss on February 26, 2007, and ordered the parties to engage in mediation. Relator filed a motion to reconsider. After a hearing on the motion to reconsider, the trial court denied that motion on May 18, 2007. Relator thereafter filed this petition for a writ of mandamus.

A writ of mandamus is appropriate where it is necessary to prevent great injury or injustice. *State ex rel. Joyce v. Baker,* 141 S.W.3d 54, 56 (Mo.App.2004). A party seeking the writ must allege and prove that it had an unequivocal, clear, specific right to the thing claimed. *Id.*

Concerning health care affidavits, section 538.225.5 provides that:

> Such affidavit **shall** be filed not later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days. (Emphasis added).

Section 538.225.6 states as follows:

> If the plaintiff or his attorney fails to file such affidavit the court **shall,** upon motion of any party, dismiss the action

1. Unless noted otherwise, all further statutory citations are to RSMo Cum.Supp.2005.

against such moving party without prejudice. (Emphasis added).

■ The principal rule of statutory construction is to determine the legislature's intent from the language of the statute. *Christensen v. American Food & Vending Services, Inc.,* 191 S.W.3d 88, 90 (Mo.App. 2006). This Court will give effect to the intent of the legislature, if possible, and consider the words in their plain and ordinary meaning. *Id.* When the language of the statute is unambiguous, there is no room for statutory construction. *Id.* This Court presumes that the legislature intended that each word and every provision have effect. *Id.* In general, the use of the word "shall" in a statute will be interpreted as mandatory rather than directory. *Bauer v. Transitional School District of City of St. Louis,* 111 S.W.3d 405, 408 (Mo. banc 2003). When a statute mandates that something be done by providing that it "shall" occur and also provides what results "shall" follow a failure to comply with the statute, it is clear that it is mandatory and must be obeyed. *Valli v. Glasgow Enterprises, Inc.,* 204 S.W.3d 273, 276–77 (Mo.App.2006).

■ The language in section 538.225.5–6 is clear and unambiguous. The plain and ordinary meaning is that if a party files a motion to dismiss for failure to file a health care affidavit, and a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice. "Shall" in this statute is mandatory. There is a statutorily mandated action, and a penalty for not complying with it. In addition, we note that the previous version of this statute, section 538.225.5 RSMo 2000, which was changed by the legislature in 2005, provided that

> If the plaintiff or his attorney fails to file such affidavit the court **may,** upon motion of any party, dismiss the action

against such moving party without prejudice. (Emphasis added).

In enacting the current language of section 538.225.6, which substitutes "shall" for "may," the legislature clearly intended that dismissal of the action is mandatory, not discretionary, where a plaintiff or his attorney does not timely file an adequate health care affidavit.

■ Although the alleged malpractice occurred prior to the enactment of the current statute, its provisions apply to Plaintiff's lawsuit. Section 538.305 provides that the provisions of the act, "except for section 512.099 RSMo" apply "to all causes of action filed after August 28, 2005." Plaintiff filed his cause of action on January 19, 2006. Accordingly, section 538.225 applies.

The preliminary order in mandamus is made absolute. Respondent is directed to enter an order dismissing Plaintiff's cause of action against Relator without prejudice.

ROBERT G. DOWD JR., P.J. and MARY K. HOFF, J., concurs.