Randy L. WHITE and Tammy
Sue White, Appellants,

v.

Manzoor TARIQ, M.D., Respondent.

No. ED 92149.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 8, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 17, 2009.

James E. Bowles, Piedmont, MO, for appellants.

Eric D. Martin, St. Louis, MO, for respondent.

## OPINION

PATRICIA L. COHEN, Judge.

### Introduction

Husband and wife, Randy L. White and Tammie Sue White ("Plaintiffs"), appeal from the judgment of the Circuit Court of Jefferson County dismissing their medical malpractice action against Dr. Manzoor Tariq ("Defendant"). The trial court dismissed Plaintiffs' action without prejudice on the grounds that Plaintiffs failed to timely file a health care affidavit as required by Section 538.225 RSMo (Cum. Supp.2005). Plaintiffs contend that the trial court erred when it applied the 2005 amended version of Section 538.225 because: (1) their original petition was filed in August 2000, and the 2005 amendments to Section 538.225 therefore constitute an ex post facto law; (2) the dismissal did not advance Section 538.225's purpose to protect the public and litigants from groundless malpractice claims; and (3) the dismissal amounts to an improper dismissal "with prejudice." We affirm.

### Background

Plaintiffs filed their original medical malpractice action against Defendant on August 18, 2000. In their petition, Plaintiffs sought damages for injuries caused by Defendant's alleged negligence in rendering health care services to Randy White during a surgical procedure performed on

August 24, 1998. On November 26, 2006, Plaintiffs voluntarily dismissed the action without prejudice. On November 19, 2007, within the one-year "savings" period provided by Section 516.230 RSMo (2000), Plaintiffs filed a new petition against Defendant containing nearly identical allegations as the 2000 petition.

On June 6, 2008, more than 180 days after filing their 2007 petition, Plaintiffs submitted a health care affidavit with the trial court in an attempt to comply with Section 538.225. Section 538.225.1 requires a plaintiff or plaintiff's attorney to file an affidavit with the trial court stating that he or she has obtained a written opinion from a legally qualified health care provider attesting to the merit of the plaintiff's allegations. In addition, Section 538.225.5 mandates that "[s]uch affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days." As a sanction for non-compliance, Section 538.225.6 provides for mandatory dismissal, stating that "[i]f the plaintiff or his attorney fails to file such affidavit the court *shall*, upon motion of any party, dismiss the action against such moving party without prejudice." (emphasis added).[1]

■ On the same day Plaintiffs submitted their health care affidavit, Defendant moved to dismiss on the grounds that Plaintiffs' affidavit was not timely filed within the maximum 180–day time period provided by Section 538.225.5. After a hearing, the trial court agreed that Plaintiffs' health care affidavit was untimely and entered its judgment dismissing the action "without prejudice." Plaintiffs appeal.[2]

### Standard of Review

■ A trial court's grant of a motion to dismiss is reviewed *de novo. Crocker v. Crocker*, 261 S.W.3d 724, 726 (Mo.App. W.D.2008). Matters of statutory interpretation and whether a statute applies to a given set of facts are also reviewed *de novo. Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 23 (Mo.App. E.D.2005).

### Discussion

■ In their first point, Plaintiffs argue that the trial court erred in dismissing their lawsuit pursuant to Section 538.225, as amended in 2005. Plaintiffs contend that the trial court was required to apply the version of Section 538.225 that was effective when they filed their first lawsuit in 2000. More specifically, Plaintiffs assert that applying the 2005 amended version of Section 538.225 "would amount to changing the ground rules during the time of the pendency of this action and basically would make this an ex post facto law." Besides these bare assertions, however, Plaintiffs fail to provide further analysis or cite to any legal authority in the argument section of their brief. Failure to cite relevant legal authority in support of a point or to explain the failure to do so preserves nothing for review. *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo.App. E.D. 2009). Nevertheless, reviewing this point

---

1. Prior to the 2005 amendments to Section 538.225, dismissal was not mandatory and Section 538.225.5 RSMo (2000) provided: "[i]f the plaintiff or his attorney fails to file such affidavit the court *may*, upon motion of any party, dismiss the action against such moving party without prejudice." (emphasis added).

2. A trial court's judgment dismissing an action without prejudice under Section 538.225 is final and appealable. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991).

*ex gratia,* we find that Plaintiffs' argument is without merit.

■ First, the trial court properly applied the 2005 amendments to Section 538.225 to Plaintiffs' 2007 petition. Section 538.305 provides that the 2005 amendments to Section 538.225 apply "to all causes of action filed after August 28, 2005." Mo.Rev.Stat. § 538.300 (Cum. Supp.2005). Although Plaintiffs filed their original action in 2000, Plaintiffs voluntarily dismissed that action without prejudice. "A voluntary dismissal without prejudice renders that cause of action a nullity; it is treated as never having been filed." *Wittman v. Nat'l Supermarkets, Inc.,* 31 S.W.3d 517, 520 (Mo.App. E.D.2000). Plaintiffs filed their second action in 2007 pursuant to the "savings" statute of Section 516.230, which extends the time to "commence a new action" one year after a plaintiff suffers a "nonsuit." Mo.Rev.Stat. § 516.230 (2000); *Kirby v. Gaub,* 75 S.W.3d 916, 918 (Mo.App. S.D.2002) (voluntary dismissal without prejudice is a "species of nonsuit" under Section 516.230). Because Plaintiffs' "new action" was filed after August 28, 2005, the trial court did not err in applying the 2005 amendments to Section 538.225.

■ Second, the 2005 amendments to Section 538.225 do not constitute an unconstitutional ex post facto law when applied to this action. As an initial matter, Plaintiffs' argument is inherently flawed because the term "ex post facto law" as used in the State and Federal Constitutions only applies to criminal legislation. *State ex rel. Jones v. Nolte,* 350 Mo. 271, 165 S.W.2d 632, 638 (1942). In addition to prohibiting ex post facto laws, Article I, Section 13 of the Missouri Constitution also prohibits the enactment of a law "retrospective in its operation." A law is retrospective in operation if it impairs vested rights or imposes new obligations, duties, or disabilities with respect to past transactions. *Hess v. Chase Manhattan Bank, USA, N.A.,* 220 S.W.3d 758, 769 (Mo. banc 2007). Procedural statutes that do not affect the rights or duties giving rise to the cause of action but instead provide the method for enforcing rights may be applied retrospectively without violating the ban on retrospective laws. *Id.*

■ The mandatory dismissal provision added to Section 538.225 does not affect the rights or duties giving rise to Plaintiffs' malpractice action, but rather sets forth the pre-trial procedure for cases where the plaintiff fails to timely file a sufficient health care affidavit. *See Mahoney,* 807 S.W.2d at 508 ("§ 538.225 enacts a *procedure* ... [i]t intends no change in our substantive medical malpractice law.") (emphasis in the original). As such, the amended Section 538.225 is procedural and therefore did not violate the ban on retrospective laws when applied to Plaintiffs' action. Point denied.

■ In their second point, Plaintiffs assert that the trial court erred because dismissal in this case did not further the legislature's objective in enacting Section 538.225. Plaintiffs cite Missouri case law stating that the purpose of Section 538.225's health care affidavit requirement is to protect the public and litigants from groundless malpractice claims and secure the continued integrity of the health care system. *See id.* at 507 (assessing the constitutionality of Section 538.225). Plaintiffs argue that although their health care affidavit was filed out of time, there was no adverse impact on the integrity of the health care system and therefore the dismissal provision in Section 538.225.6 should not apply in this case. Plaintiffs' argument improperly ignores the plain language of Section 538.225.6. The primary rule of statutory interpretation is to ascer-

tain the legislature's intent by giving effect to the plain and ordinary meaning of the statute's language. *SSM Health Care St. Louis v. Schneider,* 229 S.W.3d 279, 281 (Mo.App. E.D.2007). When the statute's language is clear and unambiguous, there is no room for statutory construction. *Id.*

 The language of Section 538.225.6 is clear and unambiguous and mandates that "if a party files a motion to dismiss for failure to file a health care affidavit, and a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice." *Id.* Here, there is no dispute that Plaintiffs failed to submit their health care affidavit within 180 days after filing their petition. Thus, Section 538.225.6 applied to their 2007 lawsuit and, upon Defendant's motion, the trial court was required to dismiss Plaintiffs' action without prejudice. Point denied.

 In their third point, Plaintiffs contend that because the limitations period to file a new suit has allegedly expired, the trial court's dismissal, even though designated as "without prejudice", amounts to a dismissal "with prejudice" which is not permissible under Section 538.225. Rule 67.01 expressly states that "[a] dismissal without prejudice permits the party to bring another civil action for the same cause, *unless the civil action is otherwise barred.*" (emphasis added). Based on the plain language of Rule 67.01, where the trial court dismisses a lawsuit without prejudice, a party is permitted to bring another civil action for the same cause only if the civil action is not otherwise barred. *See, e.g., Kesterson v. State Farm Fire & Cas. Co.,* 242 S.W.3d 712, 717 (Mo. banc 2008) ("Notwithstanding a dismissal 'without prejudice,' the common law doctrine of claim preclusion may present an instance where the civil action is 'otherwise barred.'"). Here, even though Plaintiffs'

action may be "otherwise barred" by the statute of limitations, the trial court did not err in dismissing the action "without prejudice", as it was required to do under Section 538.225. Point denied.

### Conclusion

The trial court's judgment is affirmed.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., Concur.