STATE of Missouri ex rel., Gary W. FARLEY, D.O. and Northland Orthopaedic Group, Inc. d/b/a Northland Mid–America Orthopedic, Relators,

v.

Honorable Michael JAMISON, Circuit Court Judge, Division 10, Circuit Court of St. Louis County, Respondent.

No. ED 96966.

Missouri Court of Appeals, Eastern District, Writ Division Three.

Aug. 9, 2011.

---

Mark A. Gonnerman, St. Louis, MO, for relator.

Donald J. Ohl, Edwardsville, IL, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Dr. Gary W. Farley and Northland Orthopaedic Group, Inc., d/b/a Northland Mid–America Orthopedic ("Relators") filed a writ of mandamus, seeking to compel the Honorable Michael Jamison, Judge of the Twenty–First Judicial Circuit Court of Missouri ("Respondent") to dismiss without prejudice a medical malpractice suit filed by Tracy Dunn ("Plaintiff") for her failure to timely file a proper health care affidavit as required by section 538.225 RSMo Cum.Supp.2005.[1] This Court issued a Preliminary Order in Mandamus. Respondent filed an answer and suggestions in opposition. Having considered the pleadings, we now make the Preliminary Order in Mandamus permanent.[2]

Plaintiff filed a medical malpractice action naming Relators as defendants on October 13, 2010. On December 22, 2010, within the ninety day deadline mandated by section 538.225.3, Plaintiff's counsel filed affidavits stating that he had obtained the written opinion of a legally qualified

---

**1.** Unless noted otherwise, all further statutory citations are to RSMo Cum.Supp.2005.

**2.** Rule 84.24(j) permits the court to exercise its judgment in dispensing with such portions of the procedure for the consideration and/or issuance of original writs as is necessary in the interest of justice. We have elected to dispense with the briefing schedule that would ordinarily ensue following the issuance of a preliminary writ.

health care provider that stated that Relators failed to use the care that a reasonably prudent and careful provider would have used under similar circumstances and that failure to use reasonable care directly caused or contributed to produce the damages claimed in Plaintiff's petition. The affidavits failed to identify the medical expert and to provide his address and qualifications as required by section 538.225.3.

On April 13, 2011, Relators filed a motion to dismiss Plaintiff's petition for failure to comply with section 538.225 by neglecting to identify the name, address, and qualifications of the legally qualified healthcare provider who had provided the written opinion that medical malpractice had occurred. At this point, more than 180 days had passed since the filing of the petition. It was not until April 21, 2011, that Plaintiff filed a response in opposition to the motion to dismiss and also a motion for leave to file supplemental healthcare affidavits. This motion for leave to file supplemental healthcare affidavits asserted that Plaintiff's counsel "inadvertently failed" to include the information required by section 538.225.3. The supplemental healthcare affidavits included the identity, address, and qualifications of the healthcare provider who supplied the written opinion of medical malpractice. Plaintiff asked the trial court to deny the motion to dismiss because she "substantially complied" with section 538.225 when she filed the original affidavits, and was curing the defects by filing the supplemental affidavits. The trial court denied Relators' motion to dismiss, without stating why, and implicitly granted Plaintiff's motion for leave to file supplemental affidavits. Relator thereafter filed this petition for a writ of mandamus.

■■■ A writ of mandamus is appropriate where it is necessary to prevent great injury or injustice. *State ex rel. Joyce v. Baker*, 141 S.W.3d 54, 56 (Mo.App.2004).

A party seeking the writ must allege and prove that it had an unequivocal, clear, specific right to the thing claimed. *Id.*

Concerning health care affidavits, section 538.225.3 provides that:

The affidavit **shall** state the name, address, and qualifications of such health care providers to offer such opinion. (Emphasis added).

Section 538.225.5 states that:

Such affidavit **shall** be filed **not later than ninety days** after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time **not to exceed an additional ninety days.** (Emphasis added).

Section 538.225.6 states as follows:

If the plaintiff or his attorney fails to file such affidavit the court **shall,** upon motion of any party, dismiss the action against such moving party without prejudice. (Emphasis added).

■■■ The primary rule of statutory construction is to determine the intent of the legislature from the language of the statute. *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo.App. 2007). We will give effect to the legislature's intent, if possible, and consider the words in their plain and ordinary meaning. *Id.* Where the statute's language is unambiguous, there is no place for statutory construction. *Id.* We presume that the legislature intended that every word and each provision have effect. *Id.* Generally, the use of "shall" in a statute will be interpreted as mandatory rather than as directory. *Id.* When a statute mandates that something be done by stating that it "shall" occur and also states what results "shall" occur upon a failure to comply with the statute, it is clear that it is mandatory and must be obeyed. *Id.*

This Court held in *Schneider* that the language of section 538.225.5–6 "is clear and unambiguous." *Id.* We further hold

that the language of section 538.225.3 is also clear and unambiguous in requiring the affidavit to "state the name, address, and qualifications of such health care providers to offer such opinion." When the motion to dismiss asserts that the affidavit is faulty, the trial court applies section 538.225.6. *See Spradling v. SSM Health Care St. Louis,* 313 S.W.3d 683, 686 n. 6 (Mo. banc 2010). Pursuant to section 538.225.6, if a statutorily adequate health care affidavit has not been timely filed and a motion to dismiss for failure to file such an affidavit is made, the trial court must dismiss the complaint without prejudice. *See id.*

■ In the present case, the affidavit was timely filed on December 22, 2010, but it failed to comply with the requirements of section 538.225.3. Plaintiff apparently did not realize that the affidavits were defective until Relators filed their motion to dismiss on April 13, 2011, after the last theoretically possible date that Plaintiff could have filed proper affidavits under section 538.225.5.[3] Plaintiff filed her motion for leave to file the supplemental affidavits on April 21, 2011. Statutorily adequate affidavits were not timely filed. We reject Plaintiff's argument that the affidavits here "substantially" comply with the requirements of section 538.225.

The Preliminary Order in Mandamus is made permanent. Respondent is directed to enter an order dismissing Plaintiff's cause of action against Relators without prejudice.

ROBERT G. DOWD, JR. and LAWRENCE E. MOONEY, JJ., concur.

---

**3.** This assumes that the trial court would have extended the time to file a statutorily adequate affidavit by the maximum additional ninety days "for good cause shown[.]"