

# Missouri Court of Appeals

### Southern District

#### Division Two

CINDY SILLYMAN, )
 )
 Plaintiff-Appellant, )
 )
vs. ) No. SD32778
 )
DAVID O. BARBE, M.D., and ) **Filed: February 20, 2014**
ST. JOHN'S PHYSICIANS AND )
CLINICS, INC., d/b/a )
ST. JOHN'S CLINIC, )
 )
 Defendants-Respondents. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Mark A. Powell, Associate Circuit Judge

## **AFFIRMED**

This is an appeal from the dismissal of a petition seeking damages for medical negligence. Cindy Sillyman ("Sillyman") sued Dr. David O. Barbe ("Dr. Barbe") and St. John's Physicians and Clinics, Inc. ("St. John's"; collectively "Defendants"), for the wrongful death of her 20-year-old son Derick Stoops ("Stoops"). The trial court entered a judgment dismissing the petition without prejudice because Sillyman failed to file a medical expert affidavit that complied

with the requirements of Section 538.225.3.[1]  Sillyman appeals.  We disagree with her argument and affirm the trial court's judgment.

## Standard of Review

"A trial court's grant of a motion to dismiss is reviewed *de novo*." **White v. Tariq**, 299 S.W.3d 1, 3 (Mo. App. E.D. 2009).  Similarly, the trial court's interpretation and application of Section 538.225 is reviewed de novo.  *See* **Spears ex rel. Clendening v. Freeman Health Systems**, 403 S.W.3d 616, 619 (Mo. App. S.D. 2012).

## Factual and Procedural Background

As this case involves review of the trial court's grant of a motion to dismiss, the following averments are drawn from Sillyman's petition.  During the afternoon of December 25, 2003, Stoops went to the emergency room at Texas County Memorial Hospital.  He was admitted and treated by Dr. Barbe.

Stoops's condition did not improve.  On December 26, Dr. Barbe ordered Stoops transported to St. John's Regional Medical Center in Springfield, Missouri.  On his arrival at St. John's Regional Medical Center, Stoops immediately suffered from respiratory failure and cardiac arrest resulting in his death.

---

[1] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. (2013).  Although the dismissal was without prejudice, a judgment dismissing a case for failure to comply with Section 538.225 is appealable.  *See* **Spradling v. SSM Health Care St. Louis**, 313 S.W.3d 683, 686 n.4 (Mo. banc 2010); **Mahoney v. Doerhoff Surgical Services, Inc.**, 807 S.W.2d 503, 506 (Mo. banc 1991).

Sillyman sued Defendants for damages arising from the wrongful death of Stoops. Her attorney filed health care affidavits on May 7, 2012. The affidavit relating to the claim against Dr. Barbe stated:

1.  I have obtained the written opinion of a legally qualified health care provider which states that David O. Barbe, M.D. failed to use such care as a reasonably prudent and careful health care provider would do under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the Petition.

2.  The written opinion was obtained by a medical doctor licensed in the State of Missouri.

The affidavit relating to the claim against St. John's was identical except that it listed St. John's name in the place of Dr. Barbe's name.

On April 15, 2013, Defendants filed a motion to dismiss for failure to comply with Section 538.225. In support, Defendants noted the affidavits filed in the case did not contain the name, address, and qualifications of the health care provider who gave the opinion as required by Section 538.225.3. Plaintiff responded the affidavits were sufficient because the necessary information was otherwise available. Specifically, Plaintiff stated (1) this action was the re-filing of a previous action; (2) defense counsel had agreed the discovery in the previous action could be used in this case; and (3) the discovery from the previous action contained the deposition and curriculum vitae of Sillyman's expert. Attached to Sillyman's response were copies of the deposition and curriculum vitae of Thomas J. Poulton, M.D. ("Dr. Poulton"). The curriculum vitae listed Dr. Poulton's business and residential addresses as well as his educational and professional experience.

The trial court entered judgment dismissing the petition without prejudice. The judgment provided as follows:

> After consideration, defendant's [sic] Motion to Dismiss [u]nder RSMo § 538.225 is sustained. After a review of the statute and the applicable case law, it appears to the [c]ourt the filing of a healthcare affidavit with the name, address and qualifications of the healthcare provider is mandatory. Such an affidavit has not been filed within 180 days in this case. The [c]ourt recognizes a deposition of plaintiff's medical expert was taken in a previously filed case and there was an agreement between counsel that the discovery in the previous case could be used in this case. However, the question is will the deposition testimony of plaintiff's medical expert substitute for a properly filed affidavit by the plaintiff or the plaintiff's attorney. It is this [c]ourt's opinion that based on the plain language of the statute and Missouri case law interpreting the statute, it does not, as a result, this case is dismissed without prejudice pursuant to RSMo § 538.225.

Sillyman appeals.

## Discussion

In her sole point on appeal, Sillyman complains the trial court erred in dismissing her petition for failure to file an adequate health care affidavit as required by Section 538.225. In the argument section of her brief, Sillyman concedes the affidavits themselves did not provide the information required by Section 538.225.3—the name, address, and qualifications of the health care provider who provided the expert opinion—but suggests dismissal of this action would not further the purpose of the statute. This argument is without merit.

Resolution of Sillyman's claim requires examination of the language of the statute. Section 538.225 provides in pertinent part that:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a

4

legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

. . .

3.      The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.

. . .

6.      If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

§ 538.225. "This Court's task in statutory interpretation is to discern the intent of the legislature from the language used." **Spradling**, 313 S.W.3d at 686. "Where the statute's language is unambiguous, there is no place for statutory construction." **State ex rel. Farley v. Jamison**, 346 S.W.3d 397, 399 (Mo. App. E.D. 2011). "We presume that the legislature intended that every word and each provision have effect." **Id.** "When a statute mandates that something be done by stating that it 'shall' occur and also states what results 'shall' occur upon a failure to comply with the statute, it is clear that it is mandatory and must be obeyed." **Id.**

In the present case, the requirement of the statute is unambiguous: it requires the affidavit to state the name, address, and qualifications of the plaintiff's expert. § 538.225.3. Sillyman's affidavits did not contain that information. Thus, under the plain language of the statute, the trial court was required to dismiss the petition without prejudice. § 538.225.6.

5

Sillyman's argument to the contrary is essentially a request to have this Court apply the concept of substantial compliance to the requirements of Section 538.225.3. She notes the purpose of the statute—to weed out frivolous lawsuits—was satisfied in this case because she did have the necessary expert opinion and Defendants were provided with the information required by the statute through Dr. Poulton's deposition and curriculum vitae.

Assuming *arguendo* that substantial compliance with Section 538.225 is sufficient, Sillyman's argument fails because the affidavit she filed simply did not substantially comply with the statute. In **Farley** the Eastern District of this Court addressed this exact issue. There, the affidavit was timely filed, but failed to comply with Section 538.225.3 in that the affidavit failed to "identify the name, address, and qualifications of the legally qualified healthcare provider[.]" **Farley**, 346 S.W.3d at 399. The defendants filed a motion to dismiss for failure to comply with the statute, and the trial court denied the motion. **Id.** The defendants sought a writ of mandamus. **Id.** In granting the writ, the appellate court held that the statute's language is unambiguous and that omitting the name, address, and qualifications of the expert was not in substantial compliance with the statute. **Id.** at 400. We reach the same conclusion here. Statutorily adequate affidavits were not filed.

The trial court did not err in dismissing the petition without prejudice for failure to file statutorily sufficient health care affidavits. Sillyman's sole point is denied.

6

## **Decision**

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

GARY W. LYNCH, J. - CONCURS