

# In the
# Missouri Court of Appeals
# Western District

STEVE AUSTIN,

          **Appellant,**

v.

JOHN SCHIRO, M.D.,

          **Respondent.**

**WD78085**

**OPINION FILED:**

**May 26, 2015**

**Appeal from the Circuit Court of Clinton County, Missouri**
**The Honorable Richard Brent Elliott, Judge**

**Before Division One:**
**James Edward Welsh, P.J., Thomas H. Newton, and Karen King Mitchell, JJ.**

Steve Austin appeals the circuit court's judgment dismissing his medical malpractice action against John Schiro, M.D. Finding no error in the judgment, we affirm.

## Background

Steve Austin initially filed this medical negligence case in July 2009 in Clay County. In his original petition, Austin alleged that on July 9, 2007, he injured both forearms in an on-the-job accident. He sought medical care at Cameron Regional Medical Center in Clinton County, where he was evaluated and referred to North Kansas City Hospital in Clay County. At North Kansas City Hospital, Austin was evaluated by emergency physician Steven Russell, M.D. Austin then sought treatment on July 18, 2007, from John Schiro, M.D., a physician in Cameron,

who diagnosed him with significant muscle strain and rupture of the "muscle bundles." Austin alleged that when he returned to Schiro's office on July 26th, Schiro stated that he would arrange for Austin to be seen by an orthopedic surgeon but then failed to timely do so. The original petition sought damages for alleged negligent treatment from both Russell and Schiro.

In April 2010, Schiro filed a motion to dismiss based on Austin's failure to file an affidavit of merit (or "health care affidavit"), as required by section 538.225, RSMo.[1] Prior to the court's ruling on Schiro's motion, Austin voluntarily dismissed his lawsuit.

Nearly one year later, on June 14, 2011, Austin filed a second lawsuit in Clay County against Schiro and Russell. Austin's second petition was essentially the same as his first. It alleged (1) that Austin injured his arms while working at a construction site, (2) that he presented to Schiro's office within nine days of the injury, (3) that Schiro diagnosed possible torn biceps and determined that Austin needed surgery, and (4) that Schiro told Austin that he would refer him to an orthopedic surgeon but then failed to timely do so. Although he eventually was examined by an orthopedic surgeon,[2] Austin alleged that Schiro "was negligent in . . . failing to timely order an orthopedic consult to have [Austin's] arms examined by an orthopedic surgeon."[3]

---

[1]Statutory references are to the Revised Statutes of Missouri, 2000, as updated by the 2013 Cumulative Supplement.

[2]According to Austin's petition, on October 9, 2007, he was examined by Brett Miller, M.D., an orthopedic surgeon, who ordered an MRl of both arms and, on October 19th, diagnosed him with "bilateral biceps tendon ruptures with retraction." Schiro admitted in his Answer that he had referred Austin to Dr. Miller.

[3]Austin's additional allegations clarify the basis of his claim:

17. Due to the delayed diagnos[is] . . . , plaintiff's tendons in both arms had retracted and degraded and it was no longer possible to reattach the tendons. Plaintiff therefore underwent surgery on both arms during which a cadaver graft was used in place of the ruptured tendons.

18. Had defendants properly diagnosed or timely referred plaintiff to an orthopedic surgeon, plaintiff would have had a near complete recovery and would have no significant limitations on the use of his arms.

2

On September 12, 2011, ninety days after his second petition was filed, Austin's counsel filed a motion to extend the time for filing a health care affidavit. The motion stated that counsel had "received an initial opinion from a medical doctor that the defendant was negligent and was consulting with experts who qualified under the statute to obtain the written report." There is no indication in the record that the motion was ever brought before the circuit court for a hearing or that the court ever entered an order granting an extension of time to file. Nevertheless, on December 9, 2011, Austin filed a section 538.225 affidavit as to Schiro. He did not file an affidavit as to Russell.

On June 24, 2013,[4] Schiro filed a motion to dismiss Russell as a defendant (due to the lack of a section 538.225 affidavit as to Russell) and a motion to transfer venue to Clinton County. Following a hearing, the circuit court granted both motions.

On August 29, 2014, Schiro filed a motion to dismiss Austin's petition in the Clinton County Circuit Court on the basis that Austin did not comply with section 538.225. Schiro argued (1) that the doctor identified in Austin's affidavit was not a "legally qualified health care provider" who is "actively practicing the same specialty" as Schiro, and (2) that Austin failed to timely file his affidavit. Regarding the timeliness issue, Schiro argued:

> Absent a ruling by the court granting plaintiff an additional ninety days in which to file the required affidavit, plaintiff was obligated to file an affidavit within ninety days after his lawsuit was filed, and the failure to do so is grounds for dismissal of plaintiff's second lawsuit.

The circuit court held a hearing on Schiro's motion to dismiss in September 2014. The circuit court ultimately sustained Schiro's motion and issued its Judgment dismissing Austin's second lawsuit without prejudice. Austin appeals.

---

[4]This lapse of time is explained by the fact that Schiro was not served in that lawsuit until May 24, 2013.

**Standard of Review**

A dismissal without prejudice for failure to comply with section 538.225 is an appealable judgment. *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 686 n. 4 (Mo. banc 2010). We review the circuit court's grant of a motion to dismiss *de novo* and will affirm if we find that the motion is sustainable on any ground alleged in the motion. *Howard v. SSM St. Charles Clinic Med. Group, Inc.*, 364 S.W.3d 242, 244 (Mo. App. 2012). Whether a health care affidavit complies with section 538.225 is a question of law which this court reviews *de novo*. *Kreutz v. Curators of the Univ. of Mo.*, 363 S.W.3d 61, 63 (Mo. App. 2011).

**Discussion**

Austin raises two points on appeal.[5] We find the second point to be dispositive. In it, Austin contends that the circuit court erred in dismissing his petition for failure to timely comply with section 538.225, Missouri's Health Care Affidavit statute. He asserts that, despite the court's failure to rule on his motion for an extension of time to file the affidavit, he nevertheless timely filed the motion, established good cause for doing so, and then filed his health care affidavit within ninety days of that motion, "as authorized by statute."[6] Austin claims, therefore, that the circuit court's dismissal should be reversed and remanded.

We disagree. Austin's claim of negligent care by a health care provider is governed by Chapter 538 of the Revised Statutes of Missouri. Section 538.225 provides, in relevant part, that the plaintiff in any medical malpractice action must file an affidavit "stating that he . . . has

---

[5]Austin contends in Point I that the circuit court erred in dismissing his petition because the doctor identified in Austin's affidavit *is* a "legally qualified health care provider" who is "actively practicing the same specialty" as Schiro, as required by section 538.225. Because we find that the affidavit was untimely, we need not address this argument.

[6]Austin does not characterize his motion as an unopposed motion because, as noted, although Austin had filed his second petition on June 14, 2011, and his motion to extend time on September 12, 2011, Schiro was not served until May 24, 2013.

4

obtained the written opinion of a legally qualified health care provider which states that the defendant . . . failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure . . . directly caused or directly contributed to cause the damages claimed in the petition." § 538.225.1. Subsection .5 of the statute requires the affidavit to be filed "no later than ninety days after the filing of the petition *unless the court, for good cause shown, orders that such time be extended* for a period of time not to exceed an additional ninety days." § 538.225.5 (emphasis added).[7]

---

[7]Section 538.225 provides in its entirety:

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

2. As used in this section, the term "**legally qualified health care provider**" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.

3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.

4. A separate affidavit shall be filed for each defendant named in the petition.

5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

7. Within one hundred eighty days after the filing of the petition, any defendant may file a motion to have the court examine in camera the aforesaid opinion and if the court determines that the opinion fails to meet the requirements of this section, then the court shall conduct a hearing within thirty days to determine whether there is probable cause to believe that one or more qualified and competent health care providers will testify that the plaintiff was injured due to medical negligence by a defendant. If the court finds that there is no such probable cause, the court shall dismiss the petition and hold the plaintiff responsible for the payment of the defendant's reasonable attorney fees and costs.

5

Here, Austin failed to obtain an extension of time from the court allowing him to file the required health care affidavit more than ninety days after filing his second petition.  As Austin acknowledges, neither he nor his attorney filed the required affidavit within ninety days after filing his petition.  Instead, on September 12, 2011, ninety days after filing the petition, Austin filed a motion for extension of time to file the affidavit.  Although Austin filed a timely motion for an extension of time and set forth his "cause" for requesting the extension, he did not present the motion to the court or obtain an order from the court granting him an additional ninety days in which to file an affidavit as required by section 538.225.

As our Supreme Court has explained, the language of section 538.225 is "unambiguous and mandatory," and there is no statute requiring that it be liberally construed.  *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 271 (Mo. banc 2014).  Since 2005, the statute has provided that, upon the motion of any party, the court "***shall***" dismiss the action if the plaintiff fails to file an affidavit.  *Id*.  "When a statute mandates that something . . . 'shall' occur and also provides what results 'shall' follow a failure to comply with the statute, it is clear that it is mandatory and must be obeyed."  *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. App. 2007).  As explained in *Mayes*, the language of section 538.225, "both in terms of directing a plaintiff to file an affidavit and directing the court to dismiss the action if an affidavit is not filed, demonstrates that the legislature intended the requirement that a plaintiff file an affidavit with the court be mandatory."  430 S.W.3d at 271-72.  *See also White v. Tariq*, 299 S.W.3d 1, 4-5 (Mo. App. 2009) (holding that section 538.225 "is clear and unambiguous" that if "a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice"); *Schneider*, 229 S.W.3d at 281 (holding that "[t]he plain and

6

ordinary meaning [of § 538.225] is that if . . . a statutorily adequate health care affidavit has not been timely filed, the trial court must dismiss the complaint without prejudice").[8]

In light of the foregoing authorities, the circuit court did not err in dismissing Austin's petition. Moreover, although Austin seeks to persuade us that his affidavit sufficiently complied with section 538.225 because his motion established "good cause" for granting an extension, *it is the circuit court, not the plaintiff, who makes that determination*. Here, the circuit court was never given an opportunity to determine whether plaintiff had shown good cause to extend the time for filing an affidavit. Austin acknowledges in his brief that "the trial court did not explicitly rule on the motion to extend." Absent such an order, Austin was required to file an affidavit within ninety days after his lawsuit was filed. *See Howard*, 364 S.W.3d at 243-45.

In *Howard*, as in this case, the plaintiff filed a medical negligence lawsuit but failed to file a timely health care affidavit. *Id*. at 243. The plaintiff subsequently filed a motion for additional time to file the affidavit but did not obtain an order from the court granting the extension. *Id*. The circuit court granted the defendant's motion to dismiss for failure to comply with section 538.225. *Id*. at 244. The appellate court affirmed, finding "no evidence on the record that the trial court ruled on such motion." *Id*. at 243. The court explained:

> Plaintiff was required to file a health care affidavit ninety days from the date he filed his petition. While the statute provides that this time may be extended for a period of up to an additional ninety days, it only does so when "the court, for good cause shown, orders that such time be extended." The record here provides no evidence that the trial court ordered such time be extended for good cause.

---

[8]We reject Austin's suggestion that, because "this is clearly not a case that lacks 'even a color of merit' to which the statute is intended to apply," we should find that he sufficiently complied with the intent of the statute. A similar argument has been rejected in cases such as *Mayes*, 430 S.W.3d at 271-72; S*illyman v. Barbe*, 423 S.W.3d 304, 307 (Mo. App. 2014); and *Tariq*, 299 S.W.3d at 4-5, all of which hold that the statute's language is "unambiguous" and "mandatory" as to the requirements of the affidavit and the court's obligation to dismiss where those requirements are not met.

*Id.* at 245 (internal citations omitted). The *Howard* court concluded that, because the "[p]laintiff's affidavit was not timely filed within an extension of time granted for good cause shown" and the defendants "filed a motion to strike alleging that the affidavits were untimely," under section 538.225.6, the circuit court "was required [to] dismiss [p]laintiff's petition without prejudice." *Id.*

Here, as in the *Howard* case, there is no evidence in the record that the circuit court entered an order granting Austin's motion for additional time. Thus, as in *Howard*, the decision to dismiss without prejudice was required by the plain language of section 538.225. The circuit court did not err in granting Schiro's motion to dismiss.

## Conclusion

Based on the foregoing, we affirm the circuit court's judgment dismissing the petition.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge


All concur.

8