ROBERT G. DOWD, JR., Presiding Judge
Linda Ferder ("Plaintiff") appeals from the judgment dismissing her medical-negligence claim against Dr. J. Stephen Scott and Premier Medical Specialists, LLC (collectively "Defendants"), because the single healthcare affidavit she filed related to all defendants and did not strictly comply with Section 538.225.4 requiring a separate affidavit for each defendant. We find that Plaintiff substantially complied with the statutory requirements and reverse and remand.
Plaintiff was admitted to Des Peres Hospital, where Dr. Scott, an employee of Premier, performed a number of surgeries. Plaintiff claimed that those surgeries caused her to sustain multiple gastric leaks and a rupture that required multiple additional surgeries to correct. Plaintiff maintains that she sustained approximately $1,475,000 in medical expenses, will continue to incur medical expenses in the future *102 and suffers permanent disfigurement. Plaintiff also allegedly suffers severe emotional and mental anguish caused by this incident. Plaintiff sued Dr. Scott, alleging that he carelessly and negligently treated her. Plaintiff also sued Premier and Des Peres Hospital on a theory of respondeat superior, claiming that they were vicariously liable to her as Dr. Scott's employers.
With her petition, Plaintiff filed a healthcare affidavit stating that counsel had obtained a written opinion from a qualified physician as follows:
Defendants, J. Stephen Scott, M.D., Premier Medical Specialists, LLC and Des Peres Hospital, Inc., through their agents and employees, failed to use such care as reasonably, prudent and careful healthcare providers would have under the same or similar circumstances and that such failure to use reasonable care directly caused damages to Plaintiff.
The affidavit contained the name, address and qualifications of the surgeon who provided the opinion. Plaintiff subsequently voluntarily dismissed her claim against Des Peres Hospital, and the remaining defendants, Dr. Scott and Premier, moved to dismiss the petition. They argued that Plaintiff failed to file separate healthcare affidavits for each defendant as required by Section 538.225.4. Plaintiff argued that because Premier was only sued as the employer of Dr. Scott, she needed only to file one affidavit and that it substantially complied with the statute. The trial court dismissed the petition without prejudice, and this appeal follows.[1]
This Court reviews the grant of a motion to dismiss de novo. Sillyman v. Barbe, 423 S.W.3d 304, 305 (Mo. App. S.D. 2014) (citing White v. Tariq, 299 S.W.3d 1, 3 (Mo. App. E.D. 2009) ). We also review de novo the trial court's interpretation and application of Section 538.225. Id. The legislature mandates healthcare affidavits for all medical-malpractice claims in Missouri as a precondition to a valid suit:
In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
Section 538.225.1. The affidavit shall state the name, address, and qualifications of the health care provider offering that opinion, and shall be filed within ninety days of filing the petition. See Sections 538.225.3 and 538.225.5. "A separate affidavit shall be filed for each defendant named in the petition," Section 538.225.4. "If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice." Section 538.225.6. This statute was enacted to cull at an early stage of litigation suits that lack even the color of merit, to protect the public and litigants from the cost of unfounded medical malpractice claims and to weed out frivolous lawsuits.
*103 Mahoney v. Doerhoff Surgical Services, Inc. , 807 S.W.2d 503, 507 (Mo. banc 1991) ; Sillyman , 423 S.W.3d at 307.
Plaintiff concedes that the affidavit she filed is technically deficient because there was only one affidavit relating to all the defendants and hot separate affidavits for each named defendant. See Section 538.225.4. But she argues that she substantially complied with the statute because the affidavit was otherwise compliant and timely and verified that her claims were not frivolous. Plaintiff reasons that, because Dr. Scott is an employee of Premier and because she alleges only a vicarious-liability claim against Premier, the substance of her single affidavit satisfies the legislative purpose and intent of the statute with respect to both of the defendants. She contends substantial compliance with Section 538.225 should preclude dismissal of her petition.
Defendants argue that Section 538.225 must be strictly interpreted and that a healthcare affidavit must comply with each and every requirement specified in the statute or dismissal is mandated. They rely heavily on Mayes v. St. Luke's Hospital of Kansas City for the proposition that we are not permitted to examine whether Plaintiff substantially complied with Section 538.225, but are limited to reviewing only her actual compliance with each requirement of the statute. 430 S.W.3d 260, 265 (Mo. banc 2014). In Mayes , the Court stated that it had never addressed whether substantial compliance can satisfy the requirements of 538.225, but noted that a review of cases discussing substantial compliance in other contexts "weighs against such a finding." 430 S.W.3d at 271.
But the Court stopped short of actually finding that substantial compliance was inapplicable to Section 538.225, at least with respect to the entirety of the statute. Rather, it stated only that the "language regarding the affidavit requirement is unambiguous and mandatory." Id. "The statutory language, both in terms of directing a plaintiff to file an affidavit [in section 538.225.1] and directing the court to dismiss the action if an affidavit is not filed [in section 538.225.6], demonstrates that the legislature intended the requirement that a plaintiff file an affidavit with the court be mandatory." Id. at 271-72. But this holding was limited to the most fundamental of the statute's requirements, namely the actual filing of an affidavit. If the Supreme Court wanted to foreclose a substantial compliance analysis with respect to the healthcare affidavit statute as a whole, it would have done so at this point in the opinion and would not had any need to go on to address the plaintiff's argument for substantial compliance. But it did go on to address that argument and concluded that the plaintiff's failure to file any affidavit in that case could not be considered substantial compliance with the filing requirement. Id. at 272. We do not believe Mayes was intended to prevent a finding of substantial compliance with other parts of the statute or in other factual scenarios.
Though we have never found substantial compliance, this Court has addressed the merits of that argument in the context of the healthcare affidavit statute. In Mello v. Giliberto , the plaintiff argued she substantially complied with statute because she had the verbal opinion of medical personnel that her claim was not frivolous. 73 S.W.3d 669, 679-80 (Mo, App. E.D. 2002). We did not reject the notion of substantial compliance with the statute outright; rather, we addressed the argument on its merits and found it had none because the plaintiff had never filed any affidavit indicating she had a written opinion from a qualified expert. Id. In State ex rel. Farley v. Jamison , we also squarely addressed the plaintiff's assertion that she had substantially complied with the statute.
*104 346 S.W.3d 397, 400 (Mo. App. E.D. 2011). The affidavit the plaintiff filed in that case did not contain the name, address and qualification of the provider who gave the opinion therein as required by Section 538.225.3, but the plaintiff argued substantial compliance because she attempted to supplement it. Id. We rejected the plaintiff's argument on the merits under the facts of that case, but we did not reject outright the idea that one could substantially comply with that statute. Id. ; see also Sillyman , 423 S.W.3d at 307 (citing Jamison and addressing substantial compliance for the sake of argument). None of these opinions foreclosed the possibility that under a certain situation a court might determine that a plaintiff has substantially complied. This case presents that situation.
Plaintiff's healthcare affidavit complies in every way with the requirements of Section 538.225, except that it names multiple defendants. The affidavit was filed within the time allotted, it stated the name, address and qualifications of the health care provider and it contained his opinion. The affidavit verifies that each claim against each defendant is not frivolous because it contains a qualified opinion that Dr. Scott was negligent. Because the claims against Premier are derivative and arise only from its vicarious liability for its employee, Dr. Scott's, negligence-which the affidavit already verifies has the "color of merit"-a separate affidavit for Premier would have been nothing more than a duplicate of the one already filed, providing no additional substantive information of the type envisioned by Section 538.225. In other words, the affidavit complies in all substantive ways-if not in form-with the statute. This is the epitome of the meaning of substantial compliance.
Unlike the failure to file separate identical affidavits for each defendant in this case, the plaintiffs in the above cases failed to abide by the most elemental requirements of the statute: the actual filing of an affidavit containing the opinion of a qualified provider that claim was not frivolous. See Mayes, Mello and Jamison, supra . Without a sworn affidavit on file demonstrating a qualified opinion that the claims in those cases were non-frivolous, dismissal of the petitions was precisely the result intended by the statute. We recognize that in Mayes the Court stated that "merely showing that this case does not violate [the purpose of the statute] does not amount to substantial compliance." Id. at 272. But there, there was no affidavit on file and the plaintiff was attempting to show that the purpose of the statute was satisfied by an affidavit filed in an earlier suit (which, because it had been dismissed, was as if it never existed) and unfiled deposition testimony. Id. Here, however, the affidavit was filed, and timely so, and provides all the information needed to notify the court that Plaintiff's claims against both defendants were not frivolous. In other words, it is not "merely" that there exists somewhere an indication that the claim was non-frivolous, it was the timely filed affidavit that gave the court that assurance. The deficiency here-the lack of separate affidavits-is not the same as the complete lack of a sworn affidavit on file. In this situation, we find it appropriate to consider that dismissal of the petition here would have an effect contrary to the purpose of the statute because it would weed out a non-frivolous claim properly verified by a timely filed affidavit.
The trial court erred in dismissing Plaintiff's petition on the ground that the affidavit was not compliant with Section 538.225.4. We reverse and remand for further proceedings.
Sherri B. Sullivan, J., concurs.
Kurt S. Odenwald, J., dissents in separate dissenting opinion.
*105 DISSENT
KURT S. ODENWALD, Judge
I respectfully dissent. Ferder concedes that her single affidavit was deficient and did not comply with Section 538.225.4. She nevertheless maintains that her substantial compliance with the statute rescues her petition from the mandatory dismissal provided by the legislature in its amendment to Section 538.225. I am sympathetic to Ferder's position, and agree that her affidavit substantially complied with the statutory requirements of Section 538.225. However, I am not persuaded that the statute allows this Court the discretion to disregard the express directive of the statute upon a finding of substantial compliance. For that reason, and that reason alone, I respectfully disagree with the majority, dissent from the majority holding, and would affirm the judgment of the trial court.
Generally, in medical-malpractice claims, the Missouri legislature requires each plaintiff to file healthcare affidavits along with, or shortly proceeding, the petition. See Sections 538.225.1, .5. The legislature enacted Section 538.225 to stop medical malpractice suits that "lack even a color of merit," and to "weed out frivolous lawsuits." Mahoney v. Doerhoff Surgical Servs., Inc., 807 S.W.2d 503, 507 (Mo. banc 1991) ; Sillyman v. Barbe, 423 S.W.3d 304, 307 (Mo. App. S.D. 2014). Plaintiffs must comply with all of Section 538.225's requirements before courts are permitted to hear the case on its merit. See Sections 538.225.1, .6. Section 538.225.4 requires, in part, that "[a] separate affidavit shall be filed for each defendant named in the petition." Section 538.225.4 (emphasis added). "If the plaintiff or his attorney fails to file such affidavit the court shall , upon motion of any party, dismiss the action against such moving party without prejudice." Section 538.225.6. (emphasis added). Ferder admits that she filed a single affidavit to address the three claims of medical malpractice she raised in her petition against three separate defendants, and she did not file a separate affidavit for each defendant. But, Ferder asserts that she substantially complied with Section 538.225 because she filed the healthcare affidavit addressing the specific substantive claims of negligence against Dr. Scott and included only vicarious-liability claims against Premier, Dr. Scott's employer.
Both Ferder and the Defendants rely heavily on the Supreme Court of Missouri's decision in Mayes v. St. Luke's Hosp. of Kan. City, 430 S.W.3d 260 (Mo. banc 2014) in defense of their arguments. In Mayes, the plaintiffs timely filed separate healthcare affidavits for all three defendants. 430 S.W.3d at 264. The plaintiffs subsequently voluntarily dismissed the complaint. Id. Days later, the plaintiffs refiled the same claims against the same defendants, but did not refile the healthcare affidavits. Id. The circuit court dismissed the refiled petition, according to Section 538.225.6. Id. On appeal, the plaintiffs argued that they substantially complied with Section 538.225 by having properly filed affidavits relating to each defendant with the first petition. Id. at 270. The Supreme Court rejected this argument because the statute required plaintiffs to refile the health care affidavits with their renewed petition. Id. at 272. Further, the Supreme Court strongly admonished that prior case precedents "weigh[ ] against" permitting substantial compliance with Section 538.225's requirements. Id. at 271.
Section 538.225's plain language and legislative history simply do not allow Ferder's affidavit to substantially comply with the statute. Substantial compliance with a statutory mandate is allowed only "under a statutory directive to construe a statute *106 liberally or under a statute that expressly allows for substantial compliance." Id. No requisite statutory directive or express allowance for substantial compliance is present in the current statutory scheme requiring the filing of health care affidavits. Further, the Supreme Court "has refused to allow substantial compliance where it would be contrary to the unambiguous language of a statute." Id.
I am persuaded that the legislature intended that each requirement of Section 538.225 be mandatory. See id.; Austin v. Schiro, 466 S.W.3d 694, 697 (Mo. App. W.D. 2015). "We presume that the legislature intended that every word and each provision have effect." State ex rel. Farley v. Jamison, 346 S.W.3d 397, 399 (Mo. App. E.D. 2011). A former version of Section 538.225.6 provided that a court may dismiss the action if the plaintiff fails to file such affidavit. Mayes, 430 S.W.3d at 271 ; Section 538.225 RSMo (2000). Notably, in 2005, the legislature amended Section 538.225.6 to state that "the court shall upon motion of any party, dismiss the action." Mayes, 430 S.W.3d at 271 ; Section 538.225 RSMo (Cum. Supp. 2006). The change from "may" to "shall" demonstrates a clear legislative intent that the statute be mandatory rather than directory. Mayes, 430 S.W.3d at 271-72 ; Sillyman, 423 S.W.3d at 307 ; Farley, 346 S.W.3d at 399. Additionally, prior Missouri courts have clearly stated that the language of Section 538.225 is unambiguous and mandatory. See Mayes, 430 S.W.3d at 271-72 ; Sillyman 423 S.W.3d at 307 ; Farley, 346 S.W.3d at 399. In Section 538.225.4, the legislature explicitly states that "[a] separate affidavit shall be filed for each defendant named in the petition." Section 538.225.4 (emphasis added). Similar to subsection six, subsection 4 is clear, unambiguous, and mandatory. See Mayes, 430 S.W.3d at 271-72 ; Sillyman, 423 S.W.3d at 307 ; Farley, 346 S.W.3d at 399.
Ferder's claim against Premier in her Petition alleged that Premier was liable for Dr. Scott's actions as his employer. Under the general principles of respondeat superior , "an employer is held liable to a third person for a tort committed by the employee, even though not directed, commanded or expressly authorized by the employer, if the employee committed such act while engaged in an activity falling within the scope of the employee's authority or employment." P.S. v. Psychiatric Coverage, 887 S.W.2d 622, 624 (Mo. App. E.D. 1994) (internal citation omitted). I fully understand, acknowledge and sympathize with the basis of Ferder's argument regarding her substantial compliance with the statute's requirements. No substantive allegation of medical negligence on the part of Premier is contained within the petition. I see no apparent prejudice to Dr. Scott or Premier should Ferder be allowed to pursue the claims in her Petition given the unique facts presented. However, notwithstanding the logic and reasonableness of Ferder's argument, the clear and unambiguous language of the statute is that plaintiffs shall file separate affidavits for each defendant. This precise language precludes the application of the substantial-compliance doctrine. See Section 538.225.4. Moreover, I am guided by the Supreme Court's holding in Mayes that substantial compliance does not satisfy the express legislative mandate of Section 538.225. Mayes, 430 S.W.3d at 271-72. Because this Court may not disregard such an express mandate, Ferder's substantial compliance argument cannot serve to rescue her petition from dismissal. See id. Section 538.225.4 clearly requires that "[a] separate affidavit shall be filed for each defendant named in the petition." (emphasis added). In addition, Section 538.225 further dictates the consequence of failing to comply with the statute-dismissal of *107 the petition. Section 538.225.6. The legislative intent of the statute is clear-an affidavit must be filed for each defendant listed in the petition.[1] We are compelled to adhere to this unambiguous statutory mandate. See Sillyman, 423 S.W.3d at 307.
Ferder argues, and the majority agrees, that the Supreme Court in Mayes left open the possibility that substantial compliance might rescue non-compliance with the express requirements of Section 538.225. However, I have found no Missouri cases holding or even suggesting that Section 538.225 contains one of those two exceptions that would allow this Court to allow substantial compliance as a measure of meeting the express requirements of the statute-either an express allowance for substantial compliance or language in the statute suggesting that the legislature intended Section 538.225 's requirements to be construed liberally. See Mayes, 430 S.W.3d at 271 ("There is no statute directing courts to construe liberally [S]ection 538.225, and the statute lacks any language indicating that a plaintiff's affidavit may contain substantially similar information."). Without a direct mandate from our Supreme Court, I am unwilling to diverge from the express language of the statute.
Simply stated, it is well recognized that a plaintiff failing to file a health care affidavit that strictly complies with the requirement of Section 538.225 does so at her peril. Ferder filed only a single healthcare affidavit with her petition. The Defendants moved to dismiss Ferder's petition for failing to comply with Section 538.225.4. The requirements of Section 538.225 are express and mandatory. See id. at 271-72 ; Sillyman, 423 S.W.3d at 307 ; Farley, 346 S.W.3d at 399. Under these facts, the trial court was required to apply Section 538.225.6 and dismiss Ferder's claim. See Farley, 346 S.W.3d at 400. No matter how much I may empathize with Ferder's argument, Missouri cases and the express language of Section 538.225 do not allow us to apply the substantial-compliance doctrine to Section 538.225 's requirements. See Mayes, 430 S.W.3d at 271-72 ; Section 538.225. Any remedy for Ferder's non-compliance with this statute must come from legislative action, not judicial interpretation.

"A dismissal without prejudice for failure to comply with Section 538.225 is an appealable judgment." Austin v. Schiro , 466 S.W.3d 694, 696 (Mo. App. W.D. 2015) (citing Spradling v. SSM Health Care St. Louis, 313 S.W.3d 683, 686 n.4 (Mo. banc 2010) ).

Ferder also alleges that a separate affidavit for Premier would have been a mere duplicate of the affidavit for Dr. Scott because a legally qualified healthcare provider is not privy to the agency relationship between Premier and Dr. Scott. I do not address this argument because I must presume that the legislature intended every word in Section 538.225 to have an effect. Farley, 346 S.W.3d at 399. Section 538.225.4 requires a separate affidavit for each defendant listed in the petition. Construing Section 538.225 to permit only one affidavit would necessarily render subsection four meaningless. I am not inclined to interpret that statutes so as to render any portion of Section 538.225 meaningless. See Caplinger v. Rahman, 529 S.W.3d 326, 332 (Mo. App. S.D. 2017) ("Courts never presume that our legislature acted uselessly and should not construe a statute to render any provision meaningless.").