**David NELSON, Appellant,**

v.

**Dennis CRANE, Callaway County Sheriff, Respondent.**

**No. SC 87205.**

Supreme Court of Missouri,
En Banc.

April 11, 2006.

Geoffrey W. Preckshot, Columbia, for Appellant.

Robert R. Sterner, Office of Prosecuting Atty., Fulton, for Respondent.

RICHARD B. TEITELMAN, J.

Section 571.090, RSMo 2000 [1], authorizes county sheriffs to issue permits to acquire concealable weapons. Section 571.090.1(6) provides that the sheriff may deny the permit if the applicant has been "committed" to a mental health facility, as defined in section 632.005, or to a similar institution in another state.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

█ David Nelson applied for a permit to acquire a concealable weapon, but his application was denied because, in September 2003, he had been involuntarily detained in a mental health facility for a period of 96 hours for evaluation and treatment, as provided in section 632.305. The circuit court entered a judgment denying Nelson's petition for review of the denial of his application. The circuit court determined Nelson's involuntary, 96–hour detention for evaluation and treatment resulted in Nelson being "committed" to a mental health facility and that this justified the denial of his permit application pursuant to section 571.090.1(6).[2] An individual is not "committed" to a mental health facility when he or she is subjected to an involuntary, 96–hour "detention" for evaluation and treatment under section 632.305. The judgment is reversed, and the case is remanded.

### FACTS

In September 2003, a police officer filed a petition for "Detention, Evaluation, and Treatment," alleging that Nelson had stated that he was going to harm himself and that he did not want to live. Nelson did not receive notice of and was not present at the *ex parte* hearing on the petition. On September 11, 2003, the circuit court entered an order authorizing Nelson's involuntary detention in a mental health facility for a period of 96 hours for evaluation and treatment, as authorized in section 632.305. Nelson was discharged from the facility at the end of the 96–hour evaluation and treatment period. The discharge summary concluded that Nelson did not suffer from mental illness and that he needed no medication or further treatment. Nelson was, and continues to

be, an employee of the Missouri Department of Corrections and is qualified to carry firearms in his line of duty.

In April 2005, Nelson filed an application with the sheriff of Callaway County to acquire a permit for a concealable firearm, pursuant to section 571.090. The sheriff denied the application, finding that Nelson had been "committed" to a mental health facility in September 2003.

Nelson filed a petition for review of the sheriff's denial of his permit application. The small claims division of the circuit court denied relief, and Nelson timely filed an application for a trial de novo in the circuit court. The evidence at trial consisted of the parties' joint stipulation of facts. As relevant to the disposition of this appeal, the circuit court found that the term "committed," as used in section 571.090.1(6), has the same meaning as the term "detention," as used in chapter 632. Nelson appeals, arguing that the terms "committed" and "detention" as used in chapters 591 and 632 are not synonymous and that the circuit court erred in denying his challenge to the denial of his permit application.

### ANALYSIS

The statutory terms "committed" and "detention" are not defined in chapter 591 or in chapter 632. Absent statutory definitions, these terms must be interpreted to determine if each refers to a separate and distinct legal status.

█ The interpretation of a statute is a question of law, and appellate review is de novo. *Barker v. Barker*, 98 S.W.3d 532, 534 (Mo. banc 2003). The primary rule in statutory construction is to ascertain the intent of the legislature from the language

---

**2.** The circuit court also determined that the denial of Nelson's permit application did not violate Nelson's due process rights or his constitutional and statutory firearms rights or privileges.

used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning. *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258, 260 (Mo. banc 1997).

Section 571.090 provides that the sheriff shall issue a permit to acquire a concealable firearm unless the applicant falls into one of several restricted categories. The restriction relevant to this case is found in section 571.090.1(6), which provides that the sheriff may deny a permit to an applicant who has been "*committed* to a mental health facility, as defined in section 632.005, RSMo, or a similar institution located in another state." (Emphasis added.) Nelson was temporarily placed into a mental health facility under the authority of section 632.305.3, which authorizes "detention" for evaluation and treatment for a period of 96 hours. At no point does section 632.305.3 employ the term "committed" or "commitment." The statute only authorizes "detention." If the legislature intended for the terms "committed" and "detention" to have the same meaning, it could have utilized consistent terminology by using one term or the other. Holding that the term "committed," as used in section 571.091.1(6), is synonymous with the term "detention," as used in section 632.305, would render superfluous the distinct terminology employed by the legislature.

 That the terms "committed" and "detention" are not synonymous is further illustrated by the use of these terms in other sections of chapter 632. Section 632.370.1 requires the head of a mental health program to notify "the court ordering detention or commitment" of any transfer of an individual from one mental health facility to another. Similarly, section 632.392 specifies certain actions that must be taken upon the release of persons or are "committed or who [are] civilly de-

tained...." When different statutory terms are used in different subsections of a statute, appellate courts presume that the legislature intended the terms to have different meaning and effect. *Armco Steel v. City of Kansas City*, Mo., 883 S.W.2d 3, 7 (Mo. banc 1994). The repeated use of the distinct terms "detention," "detained," "commitment," and "committed" indicates that these terms refer to different legal statuses. Therefore, Nelson's 96–hour "detention" for evaluation and treatment under section 632.305 did not result in Nelson being "committed" to a mental health facility for purposes of restricting Nelson's firearms rights and privileges under section 571.090.1(6).

The judgment is reversed, and the case is remanded.

All concur.