Terry PRATT, Respondent,

v.

Chuck LASLEY, Appellant.

No. WD 65992.

Missouri Court of Appeals,
Western District.

Jan. 16, 2007.

Mark A. Hubbard, Platte City, for appellant.

Bryan T. Pratt, Kansas City, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, ROBERT G. ULRICH, Judge and RONALD R. HOLLIGER, Judge.

JOSEPH M. ELLIS, Judge.

Chuck Lasley appeals from an order of protection entered against him as a result of a petition filed by his brother-in-law, Terry Pratt, pursuant to §§ 455.010 to 455.085,[1] commonly referred to as the Adult Abuse Act.

Lasley is married to the sister of Pratt's wife. On August 21, 2005, while in Pratt's driveway, Lasley threatened to "beat [Pratt's] ass." On August 28, 2005, while on Pratt's property, Lasley struck Pratt's head with a closed fist.

The following day, Pratt filed a Petition for Order of Protection in the Circuit Court of Platte County. The trial court entered a temporary order of protection and scheduled a show cause hearing. Following that hearing, on September 6, 2005, the trial court entered a Full Order of Protection against Lasley.

In his sole point on appeal, Lasley contends that the trial court erred in granting an order of protection because he and Pratt were not "related by blood or marriage" as required by the statute. He argues that, because they are married to sisters, they are not related by consanguinity or affinity and should, therefore,

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

not be considered to be related by marriage.

Section 455.020.1 provides that "[a]ny adult who has been subject to abuse by a present or former adult family or household member, or who has been the victim of stalking, may seek relief under sections 455.010 to 455.085 by filing a verified petition alleging such abuse or stalking by the respondent." Section 455.010(5) defines "'family' or 'household member'" to include "spouses, former spouses, adults related by blood or marriage, adults who are presently residing together or have resided together in the past, an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the victim, and adults who have a child in common regardless of whether they have been married or have resided together at any time." Thus, any adult related to the petitioner by blood or marriage is a "family member" under § 455.020.1.

Lasley contends that the trial court erroneously determined that Pratt was related to him by marriage as required by the statute. He argues that, while he was related by marriage to his wife's sister, he was not related by marriage to her sister's husband and that the trial court misconstrued the statutory language in concluding otherwise.

 "The interpretation of a statute is a question of law, and appellate review is *de novo.*" *Nelson v. Crane,* 187 S.W.3d 868, 869 (Mo. banc 2006). "The primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *Id.* at 869–70.

Lasley contends that, because the statute barring those "of kin" to a party from serving as a jury member has been restricted to those related by consanguinity or direct affinity,[2] the "related by marriage" language in § 455.010(5) should be similarly limited. He offers no support for this argument, and we find none. Had the legislature intended to limit the statute's applicability to those "of kin" or related by consanguinity or direct affinity as proposed by Lasley, the legislature would have used those terms in the statute.

 The plain and ordinary meaning of the phrase "related by marriage" includes one's brother-in-law. As the husband of Pratt's wife's sister, Lasley is Pratt's brother-in-law. *See Black's Law Dictionary* 194 (6th ed.1990) (defining "brother-in-law" as "[t]he brother of one's spouse; the husband of one's sister; the husband of one's spouse's sister"); *Webster's Third New International Dictionary* 284 (1993) (same). As Pratt's brother-in-law, Lasley is related to Pratt by marriage for the purposes of § 455.010(5) and is, therefore, a "family member" within the meaning of § 455.020.1. Point denied.

The judgment is affirmed.

All concur.

2. "Affinity is distinguished into three kinds: (1) *Direct,* or that subsisting between the husband and his wife's relations by blood, or between the wife and the husband's relations by blood; (2) *secondary,* or that which subsists between the husband and his wife's relations by marriage; (3) *collateral,* or that which subsists between the husband and the relations of his wife's relations." *Black's Law Dictionary* 59 (6th ed.1990). Lasley and Pratt fall into the second category and are related by secondary affinity.