**H.K.R., Respondent,**

**v.**

**Avery STEMMONS, Appellant.**

**No. WD 70560.**

Missouri Court of Appeals, Western District.

Oct. 13, 2009.

H.K.R. pro se.

Steven R. Schanker, Kansas City, MO, for Appellant.

Before Division III: THOMAS H. NEWTON, Chief Judge, and JAMES E. WELSH and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

Avery Stemmons appeals an adverse entry of a full order of protection under Missouri's Adult Abuse Act. On appeal, Stemmons argues that section 455.020.1,[1] the statute under which the order was entered, is inapplicable to him. Because Stemmons is neither a "present or former adult family or household member" of Respondent, and because the alleged acts do not amount to stalking, we reverse and remand with instructions to vacate the full order of protection.

**Factual and Procedural Background**

We review the evidence in the light most favorable to the circuit court's order. *Cuda v. Keller*, 236 S.W.3d 87, 89 n. 1 (Mo.App. W.D.2007). Respondent's allegations were recited both at a hearing and in a written statement attached to her petition for a protective order. Respondent operated a self-storage complex at which Stemmons was a tenant. She alleged that, on December 5, 2008, she called Stemmons to remind him that his rent was due. Although Respondent made it clear that she allowed payment over the phone by credit card, Stemmons said he would go to the bank, get cash for the rent, and bring it to her immediately.

When Stemmons arrived at Respondent's office and paid his rent, Respondent began telling him that he could have his monthly payment automatically billed to a credit card and that Stemmons would receive a discount if he set up autopay. Stemmons asked Respondent to explain

1. All statutory references are to RSMo 2000, updated through the 2008 Cumulative Supplement.

autopay and Respondent turned her computer screen so that Stemmons could see what she was explaining. Stemmons indicated several times that he did not understand, so Respondent repeatedly explained it to him. Stemmons came around to Respondent's side of the desk at least three times, asking how autopay would work. He stood close to Respondent and looked at her computer screen. Respondent moved her chair away from him, looked up at Stemmons, and explained how to set up autopay. At that point, Respondent noticed nothing unusual about Stemmons's appearance. When Stemmons returned to the customer side of the desk the final time, however, Respondent looked up to find that Stemmons's penis was exposed. His pants were up, but his penis was protruding through the open zipper. Respondent turned away and said, "Okay, goodnight." Stemmons said, "Goodnight, Ms. [H.]. Thank you." Stemmons left the office without Respondent looking at him again.

Stemmons had been a customer of the storage complex since October 2008. He had been in Respondent's office at least twice before the incident on December 5. Respondent did not allege that Stemmons engaged in improper conduct on any other occasion. Twelve days after the incident, on December 17, 2008, Respondent reported the incident to authorities, and the next day she petitioned the Circuit Court of Platte County for an order of protection against Stemmons. In her petition, she checked a box stating that she and Stemmons "have no relationship other than [Stemmons] has stalked me." She also checked a box indicating that the two have "never resided together." Respondent alleged that Stemmons had knowingly and intentionally sexually assaulted her by exposing himself to her and "coming around to my [seat] and standing close to me."

The trial court entered an ex parte order of protection on December 18, 2008. It then entered an extended order on December 23, 2008. On January 6, 2009, a hearing was held at which Respondent agreed that this was a one-time incident, that she had never had any relationship with Stemmons, and that the two are not family or household members. She testified that Stemmons made no statement to her about engaging in sexual activity nor did he attempt to engage her in any sexual act or threaten her.

At the hearing, Stemmons's counsel moved to dismiss the case, in part on the basis that section 455.020.1 requires that the petitioner and respondent be present or former adult family or household members. The court denied the motion, stating as follows:

> [J]ust the preponderance of the evidence and this lady has testified under oath that the man came around to her work station next to her, close to her three times. And she said that was it, and the next time she saw him, she saw his penis. And to me, even though it occurred during one occasion, her testimony is such it will cause me to find that there has been—pursuant to law, the Petitioner has proved the allegations of abuse.

The circuit court entered a full order of protection, effective through January 6, 2010. Stemmons appeals.

### Standard of Review

∎ Respondent's burden at the hearing was to prove the elements of her claim by a preponderance of the evidence. § 455.040.1. We will sustain the circuit court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the

law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

In his first point on appeal, Stemmons argues that entry of the order was improper because a protective order based upon an allegation of abuse is allowed only where the petitioner and respondent are present or former family or household members, and he and Respondent have no such relation. We agree.

Section 455.020.1 reads, "[a]ny adult who has been subject to *abuse by a present or former adult family or household member,* or who has been the victim of *stalking,* may seek relief under sections 455.010 to 455.085 by filing a verified petition alleging such abuse or stalking by the respondent." (Emphasis added.) As such, a full adult protection order may be entered only upon proof that the petitioner was: (1) subjected to abuse by a present or former adult family or household member or (2) subjected to stalking.

In her petition, Respondent alleged that she was sexually assaulted by Stemmons. Conduct that meets the definition of "sexual assault" set out in section 455.010(1)(e) is a form of abuse. Similarly, conduct that meets the definition of "assault" or "harassment," as those terms are defined in sections 455.010(1)(a) and (d), respectively, is a form of abuse. Although Stemmons's conduct may meet one or more of the definitions of abuse in section 455.010.1, we need not reach that issue here because the second element necessary to grant an adult protective order is lacking in this case.

■ We have recognized before that to obtain an adult protective order under section 455.020.1 based on abuse, the petitioner must prove a family or household relationship with the respondent. *Pratt v. Lasley,* 213 S.W.3d 159, 160 (Mo.App.

W.D.2007). There is no dispute that Respondent and Stemmons are not related in any way, have never lived together, and have no personal relationship whatsoever. Respondent admitted to this both in her petition and during the hearing. As such, the circuit court's entry of the protection order on the basis of abuse was a misapplication of law requiring reversal.

■ In his second point, Stemmons argues that Respondent failed to prove that he engaged in "stalking" because only one incident was alleged. Although the record indicates that the trial court's judgment is based on an allegation of abuse and not stalking, no findings of fact were issued along with the judgment. As such, we consider all facts as having been found in accordance with the judgment. Rule 73.01(c). Because a finding of stalking would be in accordance with the judgment, we address whether the evidence supports a finding that Stemmons stalked Respondent. We agree with Stemmons on this point as well.

Section 455.010(10) defines "stalking" for proposes of the Adult Abuse Act as:

(10) "Stalking" is when an adult purposely and repeatedly engages in an unwanted course of conduct that causes alarm to another person when it is reasonable in that person's situation to have been alarmed by the conduct. As used in this subdivision:

(a) "Course of conduct" means a pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose....

(b) "Repeated" means two or more incidents evidencing a continuity of purpose; and

(c) "Alarm" means to cause fear of danger of physical harm.

Regardless of whether Respondent has proven that Stemmons purposefully exposed himself or that this act reasonably caused her alarm, there is no dispute that the incident occurred only once. As such, no allegation of stalking could have been sustained.

Because the circuit court misapplied the law in entering a full order of protection against Stemmons, we reverse and remand to the circuit court with instructions to vacate the Order.

THOMAS H. NEWTON, Chief Judge, and JAMES E. WELSH, Judge, concur.