

# Missouri Court of Appeals

### Southern District

### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| vs. | )　　No. SD33984 |
| | )　　Filed:  August 10, 2016 |
| CARL ANTUANE PURIFOY, | ) |
| a/k/a ANTUANE PURIFOY, | ) |
| a/k/a AKEEN CARL PURIFOY, | ) |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

### Honorable Jack A.L. Goodman, Circuit Judge

### **AFFIRMED**

Carl Antuane Purifoy ("Purifoy") appeals the judgment of the trial court following his conviction for the class C felony of unlawful possession of a firearm.  Following a jury trial, the trial judge sentenced Purifoy to five years' incarceration in the Department of Corrections.  Purifoy challenges the judgment of the trial court in four points on appeal.  Finding no merit to any of Purifoy's points, we affirm the judgment of the trial court.

## Factual and Procedural Background

Purifoy challenges the sufficiency of the evidence to support his conviction. "When judging the sufficiency of the evidence to support a conviction, appellate courts . . . accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences." *State v. Wooden*, 388 S.W.3d 522, 527 (Mo. banc 2013). Viewed in this light, the following evidence was adduced at trial.

On October 16, 2001, as part of a plea agreement, Purifoy pled guilty to unlawful use of a weapon. Purifoy initially received a suspended imposition of sentence ("SIS") with three year's supervised probation. On March 19, 2002, Purifoy's probation was revoked, a three-year sentence was imposed, execution of that sentence was suspended ("SES"), and Purifoy was again placed on three years' probation, which he successfully completed.

On December 10, 2012, Purifoy was arrested when he was in possession of a firearm. Purifoy was subsequently charged, by amended information, with the class C felony of unlawful possession of a firearm, pursuant to section 571.070.[1]

After a jury trial on March 18, 2015, Purifoy was convicted of the class C felony of unlawful possession of a firearm. The trial court sentenced Purifoy to five years' incarceration in the Department of Corrections with credit for time served.

In four points on appeal, Purifoy asserts the trial court erred in: (1) overruling his motion for judgment of acquittal at the close of all the evidence because the State's evidence was insufficient to sustain a finding that Purifoy knew he had a prior felony conviction; (2) overruling his objection to the prosecutor's statement in closing argument that Purifoy purchased a weapon

---

[1] All references to section 571.070 are to RSMo Cum.Supp. (2010). All other references to statutes are to RSMo 2010.

from a private individual to avoid a background check; (3) not declaring a mistrial or giving a curative instruction *sua sponte* after the prosecutor, in closing argument, told the jury that Purifoy's knowledge of his felony was established through his own testimony; and (4) not declaring a mistrial or giving a curative instruction *sua sponte* when the prosecutor, in closing argument, told the jury that the prior court revoked Purifoy's probation because the court thought it was appropriate, and it would have told Purifoy that it was revoking his probation.

The issues for our determination are:

1.  Was there sufficient evidence to support the challenged element of Purifoy's conviction?

2.  Did the trial court abuse its discretion or plainly err in failing to overrule defense counsel's objections to the prosecutor's comments about Purifoy's knowledge of his felony conviction, or to intervene *sua sponte* after such comments by the prosecutor?

**Standard of Review**

To determine whether the evidence presented was sufficient to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences.

*State v. Ess*, 453 S.W.3d 196, 206 (Mo. banc 2015) (internal quotation and citation omitted). This Court, however, "may not supply missing evidence, or give the State the benefit of unreasonable, speculative or forced inferences." *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001) (internal quotation and citation omitted). Evidence is sufficient to support a conviction when "there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Coleman*, 463 S.W.3d 353, 354 (Mo. banc 2015) (internal quotation and citation omitted).

3

**Analysis**

*Point I: Sufficiency of the Evidence Regarding Purifoy's Knowledge of Felony*

In his first point, Purifoy argues that the trial court erred in rejecting Purifoy's motion for acquittal at the close of all the evidence because there was insufficient evidence that Purifoy knew he had a prior felony conviction for unlawful use of a weapon.

The statute under which Purifoy was convicted provides that:

> 1. A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and:
>
> (1) Such person has been convicted of a felony under the laws of this state, or of a crime under the laws of any state or of the United States which, if committed within this state, would be a felony; or
>
> (2) Such person is a fugitive from justice, is habitually in an intoxicated or drugged condition, or is currently adjudged mentally incompetent.
>
> 2. Unlawful possession of a firearm is a class C felony.
>
> 3. The provisions of subdivision (1) of subsection 1 of this section shall not apply to the possession of an antique firearm.

Section 571.070. "The elements of unlawful possession of a firearm are: (1) knowing possession of a firearm (2) by a person who had been convicted of a felony." *State v. Glass*, 439 S.W.3d 838, 846 (Mo.App. E.D. 2014).

When interpreting a statute, our primary goal is to give effect to the legislative intent as reflected in the plain language in the statute. *State v. Moore*, 303 S.W.3d 515, 520 (Mo. banc 2010). The word "knowingly" appears only for the first element of the statute dealing with the possession of a firearm. The plain language of the statute does not apply the mental state of "knowingly" to the second element—here, the fact of a prior felony conviction.

Section 562.021.2 indicates:

> If the definition of an offense prescribes a culpable mental state with regard to a particular element or elements of that offense, the prescribed culpable mental state shall be required only as to the specified element or elements, and a culpable mental state shall not be required as to any other element of the offense.

The plain language of these statutes demonstrate that "knowingly" applies only to the first element of section 571.070—possession of a firearm. There was no requirement that the State prove a mental state as to the second element—the fact of Purifoy's prior felony conviction.

Because the State was not required to prove that Purifoy knew of his prior felony conviction, Purifoy's point must fail. The trial court did not err in rejecting Purifoy's motion for acquittal at the close of all the evidence on the basis that there was insufficient evidence of Purifoy's knowledge of his prior felony conviction.

### Points II, III, and IV:  Prosecutor's Comments Regarding Purifoy's Knowledge of His Prior Conviction

We combine Purifoy's last three points for ease of analysis. In Point II, Purifoy argues the trial court abused its discretion in overruling defense counsel's objection in closing argument to the prosecutor's suggestion that Purifoy's purchase of a firearm from a private individual showed that Purifoy knew of his prior conviction and was trying to avoid a background check where his prior felony would appear. Purifoy's multifarious point suggests that the trial court erred because: (1) the fact that private sellers are not required to perform background checks was not in evidence; (2) some states require point of transfer checks for private sellers; and (3) the evidence did not sufficiently establish where Purifoy purchased the firearm in that the prosecutor's comments diminished Purifoy's defense theory as to lack of knowledge of his prior felony conviction.

Purifoy's argument in Point II is premised on the errant assumption that the State was required to prove that Purifoy knew of his prior felony conviction. As we have indicated in our

5

analysis of Point I, the State was not required to prove that Purifoy knew of his prior conviction; as to that element, the State was only required to prove the fact that the conviction occurred.

"A trial court has broad discretion in controlling the scope of closing argument." *State v. Talley*, 258 S.W.3d 899, 913 (Mo.App. S.D. 2008). Reversal is only warranted on preserved claims of error where the appellant shows that there is a reasonable probability that the outcome of the trial would have been different if not for the trial court error. *Id.*

Here, Purifoy fails to show a reasonable probability that the outcome at trial would have been different had the prosecutor's comments in closing argument been excluded. The only prejudice Purifoy points to is that the State inappropriately substantiated the reasonable inference that Purifoy *knew* that he had a prior felony conviction in that he took steps to buy a firearm in such a way as to avoid a background check where such felony would be apparent. As we have indicated, Purifoy's knowledge as to his conviction is not an element of the crime of which he was convicted. Purifoy admitted at trial and on appeal that the conviction existed—he only claimed he did not *know* of the conviction. As a result, Purifoy fails to show a reasonable probability that the outcome at trial would have been different but for the alleged trial court error. The trial court did not abuse its discretion in overruling defense counsel's objection to the prosecutor's comments in closing argument regarding Purifoy's motivation in buying a firearm from a private individual.

Points III and IV allege that the trial court erred in failing to *sua sponte* declare a mistrial or give a curative instruction during closing arguments when, respectively: (1) the prosecutor argued that Purifoy's knowledge of his felony conviction was established because he testified that he had a three-year suspended sentence, and (2) when the prosecutor argued that Purifoy knew of his conviction in that Purifoy would have been notified when his probation was revoked. Like

6

Point II, both of these points are premised on the errant assumption that the State was required to prove that Purifoy knew of his prior felony conviction.

While defense counsel objected to these comments at the time they occurred, the complained-of errors were not included in a motion for new trial. As such, we may only review for plain error. *State v. Walter*, 479 S.W.3d 118, 122-23 (Mo. banc 2016). "A conviction will be reversed based on plain error in closing argument only when it is established that the argument had a decisive effect on the outcome of the trial and amounts to manifest injustice." *Id.* at 124 (internal quotation and citation omitted).

Purifoy fails to show that the comments complained of in Points III and IV had a decisive effect on the outcome of the trial. Purifoy's explicit argument in Points III and IV is that the prosecutor's comments inappropriately argued the reasonable inference that Purifoy *knew* of his prior felony conviction. As we have already indicated, the State was not required to show Purifoy's knowledge of his felony conviction—only the fact of the conviction. Purifoy admitted at trial and on appeal that the conviction existed. The prosecutor's comments as to facts furthering the reasonable inference of Purifoy's *knowledge* of his prior felony conviction, an element that did not exist in the crime of which Purifoy was convicted, were not prejudicial. The trial court did not err in failing to *sua sponte* intervene or declare a mistrial when the prosecutor suggested that Purifoy knew of his felony conviction because: (1) Purifoy testified that he had a three-year suspended sentence, and (2) Purifoy would have been notified when his probation was revoked. Points III and IV are denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS