

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | **WD81822** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **December 31, 2019** |
| JEREIL L. FIKES, | ) | |
| | ) | |
| Appellant. | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Patrick W. Campbell, Judge

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Lisa White Hardwick and Edward R. Ardini, Jr., Judges

Jereil Fikes appeals, following a bench trial, his conviction of unlawful possession of a firearm, § 571.070,[1] a class C felony, for which he received a suspended execution of sentence (SES) and three years' probation. Fikes raises one point on appeal; he argues that the trial court erred in overruling his motion for judgment of acquittal at the close of evidence and entering judgment and sentence against him because the State failed to prove that Fikes knew he was a

---

[1] All statutory references are to the Revised Statutes of Missouri, as updated through the 2016 Supplement, unless otherwise indicated.

convicted felon.  Because knowledge of a prior felony conviction is not an element of the offense of unlawful possession of a firearm under § 571.070, we affirm.

## Background[2]

On October 10, 2016, Fikes was the subject of a traffic stop.  When the officer requested permission to search the vehicle, Fikes consented and informed the officer that there was a gun in the car.  The officer found a Hi Point .40 caliber handgun under the driver's seat, and Fikes admitted that the gun was his.  The officer then arrested Fikes for several traffic violations.

After Fikes was released from custody, an officer on the illegal firearms squad discovered that Fikes had a prior felony conviction.  In April 2005, Fikes had pled guilty to felony resisting arrest; he received a suspended imposition of sentence (SIS) and probation.  Fikes later violated the terms of his probation, which the court revoked in 2007.  The court converted Fikes's SIS to an SES and again placed him on probation.[3]  In light of Fikes's prior felony conviction and the fact that he possessed a firearm when he was arrested in 2016, an investigative stop order was issued for Fikes's arrest.

In April 2017, Fikes was arrested when he went to the police station to retrieve his gun. He was issued *Miranda* warnings, and he agreed to be interviewed.  Fikes stated that he had purchased the gun from a private seller, and he admitted he had fired the gun at a shooting range. Fikes then asked why he was under arrest.  In response, the officer asked Fikes if he was a convicted felon; Fikes said no and described a prior arrest, but said that he had received probation

---

[2] We review the evidence presented at trial in the light most favorable to the verdict.  *Rousan v. State*, 48 S.W.3d 576, 579 (Mo. banc 2001).

[3] Unlike a suspended *imposition* of sentence, which is not deemed a conviction in Missouri, a suspended *execution* of sentence constitutes a conviction.  *Rogers v. State*, 265 S.W.3d 853, 855 (Mo. App. S.D. 2008); *Bowers v. State*, 330 S.W.3d 832, 835 (Mo. App. W.D. 2011).

in that instance. The officer then explained that, while Fikes had received probation initially, the court had later revoked his probation, "causing him to be a convicted felon."

Fikes waived his right to a jury trial on the charge of unlawful possession of a firearm and proceeded to a bench trial. At trial, Fikes argued that knowledge of his status as a felon was a material element of the offense and the State failed to prove beyond a reasonable doubt that he knew of his felony conviction. The State submitted a certified copy of the 2007 order revoking Fikes's probation and a judgment sentencing him to six months' imprisonment for the class D felony of resisting arrest, suspending execution of that sentence, and placing him on probation.[4]

At the close of evidence, Fikes moved for a judgment of acquittal, which the court denied. The court then held, "[k]nowing under the statute is an element of the possession of a firearm, not of the felony conviction; therefore, the Court finds beyond a reasonable doubt that the State has presented sufficient evidence and the Court finds Mr. Fikes guilty of the Class C felony of unlawful possession of a firearm." The court sentenced Fikes to three years' imprisonment, but suspended execution of his sentence and placed him on three years' probation.

Fikes appeals.

**Standard of Review**

"Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016). Here, Fikes argues that the term knowingly in § 571.070 extends to his status as a convicted felon and that the State failed to prove that Fikes knew he was a convicted felon. "The interpretation of a statute is a question of law, and appellate review is de novo." *Nelson v. Crane*,

---

[4] The State did not provide a copy of the 2007 order/judgment to this court, but we were able to find a copy on Case.net in Case No. 04CR205578-01. The order/judgment states that Fikes appeared in person and by counsel.

3

187 S.W.3d 868, 869 (Mo. banc 2006). "The primary rule in statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *Id.* at 869-70.

**Analysis**

In his sole point on appeal, Fikes argues that the trial court erred in overruling his motion for judgment of acquittal at the close of evidence and entering judgment and sentence against him because the State did not prove that Fikes knew he was a convicted felon as required by § 571.070.[5] We disagree that knowledge of a prior felony conviction is an element of the charged offense.

In pertinent part, § 571.070.1 states,

A person commits the crime of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and: (1) Such person has been convicted of a felony under the laws of this state, . . . or (2) Such person is . . . habitually in an intoxicated or drugged condition, or is currently adjudged mentally incompetent.

Interpretation of § 571.070 is guided by the general principles of criminal liability set forth in § 562.021, which states, in relevant part,

1. If the definition of any offense prescribes a culpable mental state but does not specify the conduct, attendant circumstances or result to which it applies, the prescribed culpable mental state applies to each such material element.

2. If the definition of an offense prescribes a culpable mental state with regard to a particular element or elements of that offense, the prescribed culpable mental state shall be required only as to specified element or elements, and a culpable mental state shall not be required as to any other element of the offense.

3. Except as provided in subsection 2 of this section and section 562.026,[6] if the definition of any offense does not expressly prescribe a culpable mental state for

---

[5] Fikes does not challenge the sufficiency of the State's evidence regarding his possession of a firearm or his prior felony conviction. Instead, he argues that the State failed to prove that he *knew* he was a convicted felon when he possessed the firearm.

[6] Section 562.026 states,

A culpable mental state is not required:

4

any elements of the offense, a culpable mental state is nonetheless required and is established if a person acts purposely or knowingly; but reckless or criminally negligent acts do not establish such culpable mental state.

The Southern District of this court previously addressed the very issue raised by Fikes. Like Fikes, the defendant in *State v. Purifoy*, 495 S.W.3d 822 (Mo. App. S.D. 2016) initially received an SIS, but his probation was later revoked. He received a three-year sentence, execution of which was suspended, and he was again placed on probation. *Id.* at 823. Ten years later, Purifoy was arrested while in possession of a firearm, and he was charged under § 571.070 with the class C felony of unlawful possession of a firearm. *Id.* Following his conviction, Purifoy argued on appeal that the trial court erred in denying his motion for acquittal at the close of evidence because there was insufficient evidence that he knew he had a prior felony conviction. *Id.* at 824.

Based on the language of §§ 571.070 and 562.021.2, the Southern District concluded that the State was not required to prove that Purifoy knew of his prior felony conviction and, thus, the trial court did not err in denying his motion for acquittal. *Id.* at 825. "The elements of unlawful possession of a firearm are: (1) knowing possession of a firearm (2) by a person who had been convicted of a felony." *Id.* at 824 (quoting *State v. Glass*, 439 S.W.3d 838, 846 (Mo. App. E.D. 2014)). The court reasoned, "When interpreting a statute, our primary goal is to give effect to the legislative intent as reflected in the plain language in the statute." *Id.* (quoting *State v. Moore*, 303

---

(1)     If the offense is an infraction and no culpable mental state is prescribed by the statute defining the offense; or

(2)     If the offense is a felony or misdemeanor and no culpable mental state is prescribed by the statute defining the offense, and imputation of a culpable mental state to the offense is clearly inconsistent with the purpose of the statute defining the offense or may lead to an absurd or unjust result.

Fikes's interpretation of § 571.070 relies, in part, on § 562.026(2), but that subsection does not apply here because § 571.070 includes a culpable mental state. Moreover, Fikes's interpretation, which would require the State to prove a defendant acted knowingly with respect to every element of the offense of unlawful possession of a firearm, would lead to an absurd result in the case of a person habitually in an intoxicated or drugged condition or one who is currently adjudged mentally incompetent.

S.W.3d 515, 520 (Mo. banc 2010)). "The word 'knowingly' appears only for the first element of the statute dealing with the possession of a firearm." *Id.* "The plain language of the statute does not apply the mental state of 'knowingly' to the second element—here, the fact of a prior felony conviction." *Id.* The court then addressed § 562.021.2: "If the definition of an offense prescribes a culpable mental state with regard to a particular element or elements of that offense, the prescribed culpable mental state shall be required only as to the specified element or elements, and a culpable mental state shall not be required as to any other element of the offense." *Id.* at 824-25 (quoting § 562.021.2).

We agree with *Purifoy* that the "plain language of these statutes demonstrate that 'knowingly' applies only to the first element of [§] 571.070—possession of a firearm." *Id.* at 825. The State was not required to prove that Fikes knew of his prior felony conviction and, thus, the trial court did not err in denying his motion for acquittal and in entering judgment against him.

In his brief, Fikes cites numerous cases in support of his argument, but we do not find those cases persuasive in view of the plain language of §§ 571.070 and 562.021.2 and the Southern District's reasoning in *Purifoy*.[7]

Point denied.

## Conclusion

Because we find that the term "knowingly" in § 571.070 does not extend to Fikes's status as a convicted felon and the State otherwise "introduced adequate evidence from which a

---

[7] In his reply brief, Fikes cites a very recent case, *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), in which the Court held that the federal statute, 18 U.S.C. § 922(g), making it illegal for certain persons to possess firearms requires the government to prove both that the defendant knowingly possessed a firearm and that the defendant knew he had the relevant status (there illegal alien). But, on its face, the applicable federal scienter requirement, which is found in 18 U.S.C. § 924(a)(2), applies to both the possession and the status, whereas the scienter requirement in § 571.070 is limited to possession. Additionally, § 562.021.2 specifically addresses statutes like § 571.070 that prescribe a culpable mental state with regard to a particular element of the offense. For these reasons, *Rehaif* does not alter our analysis of § 571.070.

reasonable finder of fact could have found each element of the crime beyond a reasonable doubt," *Lammers*, 479 S.W.3d at 632, we affirm Fikes's conviction for felony possession of a firearm.

_____
Karen King Mitchell, Chief Judge

Lisa White Hardwick and Edward R. Ardini, Jr., Judges, concur.