

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| CHRISTOPHER SHREVES, | ) | No. ED113000 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| v. | ) | Cause No. 2411-CC00350 |
| | ) | |
| MERCY-GOHEALTH | ) | |
| URGENT CARE, LLC, ET AL., | ) | Honorable Brittney R. Smith |
| | ) | |
| Respondent. | ) | Filed: June 24, 2025 |

### Introduction

Appellant Christopher Shreves appeals the circuit court's judgment granting Respondents' motion to dismiss without prejudice and denying as moot Appellant's motion for extension of time to file affidavits. In a single point on appeal, Appellant argues that Section 538.225 provides 180 days, rather than 90 days, to file a motion for extension of time to file affidavits of merit.[1] Because the statute unambiguously grants 90 days in which to file an affidavit of merit unless an extension is granted by order of the court, we affirm the judgment of the circuit court.

---

[1] All Section references are to RSMo (2024).

**Factual and Procedural Background**

Appellant went to urgent care in December 2020 because he was experiencing COVID-like symptoms. After becoming cold, nauseous, and dizzy, Appellant passed out and fell off the examination bed while he was alone in the exam room, hitting his head during the fall.

Appellant filed suit against Mercy-GoHealth Urgent Care, LLC and Dr. Nana Atsina on December 16, 2022. Appellant voluntarily dismissed this action without prejudice on March 20, 2023, after failing to file an affidavit of merit as required by Section 538.225. On March 26, 2024, Appellant refiled the case, again without an affidavit of merit. Appellant did not file the required affidavit by June 24, 2024, which was the 90-day deadline based on the filing of the case. Each respondent filed motions to dismiss on July 3, 2024.

Appellant filed a motion for extension of time in which to file an affidavit of merit on August 9, 2024, 135 days after the filing of the case. With the motion, Appellant filed an affidavit of merit from a registered nurse, which he acknowledged applied only to the nursing staff at Mercy-GoHealth, and asked for a further extension of time to file an affidavit of merit from a physician that could be applied to Dr. Atsina.

The court recused itself on August 21, 2024, and the case was reassigned. The motion for extension of time and motions to dismiss were heard and taken under advisement on September 13, 2024. The circuit court granted Respondents' motions to dismiss and denied Appellant's motion for extension of time on September 16, 2024. The case was dismissed without prejudice, and this appeal follows.

**Standard of Review**

We review *de novo* the circuit court's grant of a motion to dismiss. *Winget v. K&S Assocs., Inc.*, 697 S.W.3d 111, 112 (Mo. App. E.D. 2024). The interpretation of a statute is a

question of law and is also reviewed *de novo. Nelson v. Crane*, 187 S.W.3d 868, 869 (Mo. banc 2006). In our review, we consider the plain meaning of the language used to discern the legislature's intent. *Kreutz v. Curators of Univ. of Missouri*, 363 S.W.3d 61, 63 (Mo. App. W.D. 2011); *see also Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 686 (Mo. banc 2010).

## Discussion

In his sole point on appeal, Appellant argues that the circuit court erred when it denied as moot Appellant's motion for extension of time to file affidavits under Section 538.225 and dismissed without prejudice Appellant's cause of action. Appellant asserts that the statute does not require a litigant to file a motion to extend within ninety days, but rather that the statute provides an automatic extension that results in a 180-day period in which to file a compliant affidavit.[2]

Section 538.225 provides, in pertinent part, that

> [i]n any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

Section 538.225.1. "Such affidavit *shall* be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of

---

[2] Appellant argues in his analysis that the circuit court's refusal to grant the extension after the ninety-day period had expired violated his right to trial by jury. This as-applied constitutional challenge was not included in Appellant's point on appeal. Rule 84.04 requires that "[t]he argument shall be limited to those errors included in the 'Points Relied On.'" Rule 84.04(e); *see Townsend v. Div. of Emp. Sec.*, 654 S.W.3d 424, 428 (Mo. App. E.D. 2022) (finding error where "the argument section of the brief does not limit the discussion to the error raised in [appellant]'s point relied on). We decline to address an argument that is not properly raised in a point relied on. *Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 794 n.4 (Mo. banc 2015). Thus, we do not address Appellant's argument that his right to a jury trial was "supplanted" by the circuit court's denial of his motion for extension of time.

time not to exceed an additional ninety days." Section 538.225.5 (emphasis added). Finally, the statute mandates that "[i]f the plaintiff or his attorney fails to file such affidavit *the court shall, upon motion of any party, dismiss the action* against such moving party without prejudice." Section 538.225.6 (emphasis added). Missouri courts strictly construe Section 538.225's requirement for dismissal where a plaintiff has failed to timely file the affidavits. *See Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 271-72 (Mo. banc 2014); *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. App. E.D. 2007).

Appellant filed his petition on March 26, 2024, and was thus required to file his affidavits or seek a 90-day extension for good cause no later than June 24, 2024, neither of which he completed. While Appellant eventually filed a motion for an extension of time on August 9, 2024, such motion was insufficient under the mandates of the statute in terms of both timing and proof of good cause because the 90-day deadline had expired and Respondents had already filed their motions to dismiss pursuant to Section 538.225.6, which required the circuit court to grant the motions to dismiss. *See Howard v. SSM St. Charles Clinic Med. Grp., Inc.*, 364 S.W.3d 242, 245 (Mo. App. E.D. 2012) (finding that the circuit court was required to dismiss the petition where plaintiff had failed to file their Section 538.225 affidavits and defendant filed a motion to strike alleging that the affidavits were untimely under the statute).

Despite Appellant's insistence that Section 538.225 provides 180 days in which to file the first motion for extension of time, we have found no caselaw, nor has Appellant cited any case, that would support such a deviation from the plain and unambiguous language in the statute, which requires that the affidavit "*shall* be filed no later than ninety days after the filing of the petition *unless the court*, for good cause shown, *orders* that such time be extended for a period of time not to exceed an additional ninety days." Section 538.225.5 (emphasis added).

4

Rather, "the language of section 538.225 is 'unambiguous and mandatory,' and there is no statute requiring that it be liberally construed." *Austin v. Schiro*, 466 S.W.3d 694, 697 (Mo. App. W.D. 2015) (quoting *Mayes,* 430 S.W.3d at 271).

We will not infer an automatic extension where the statute clearly states that an extension must be granted by order of the court. *See Austin*, 466 S.W.3d at 698 ("Absent such an order, [appellant] was required to file an affidavit within ninety days after his lawsuit was filed."). Without a court order extending the time in which to file an affidavit of merit, Appellant's failure to request an extension of time prior to Respondents' motions to dismiss is fatal to Appellant's claim. Thus, the circuit court did not err in granting Respondents' motions to dismiss.[3] This point is denied.

## Conclusion

For the reasons stated above, Appellant's claim is denied and the judgment is affirmed.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

---

[3] Appellant asserts that the court should have ruled whether good cause was shown rather than denying the motion as moot. However, the statute requires a court to grant a motion to dismiss when an affidavit of merit, or an extension of time to file such affidavit, is not filed within ninety days. Section 538.225.6. Because Respondents filed a motion to dismiss, the court was required to grant such motion and ruling on the merits of Appellant's motion for extension of time was unnecessary.